Grafton,
No. 5891.

PLYMOUTH SCHOOL DISTRICT

*v.*

RUMNEY SCHOOL DISTRICT.

Argued February 4, 1969.
Decided March 4, 1969.

*Batchelder & Murphy* (*Mr. Walter L. Murphy* orally), for Plymouth School District.

*Nighswander, Lord & Martin* (*Mr. Arthur H. Nighswander* orally), for Rumney School District.

*Karl T. Bruckner* (by brief and orally), for the Rumney Community Association.

*George S. Pappagianis*, Attorney General and *William F. Cann*, Deputy Attorney General (*Mr. Cann* orally), for the State of New Hampshire as amicus curiae.

GRIFFITH, J. Petition for declaratory judgment involving the formation of the Plymouth Area School Plan under RSA ch. 195-A and particularly the participation of the Rumney School District in the plan. The petition was heard by the Trial Court (*Grant*, J.) who made certain findings of fact and transferred certain questions of law without ruling.

RSA ch. 195-A became effective July 1, 1964 and provides that several school districts may formulate a plan for cooperative use of facilities involving either secondary or elementary grades or both. Unlike the cooperative school districts provided for in RSA ch. 195 the contemplated cooperation involves the agreed sending by one or more districts of their pupils to a receiving district which provides the facilities. The tuition per pupil charged to the sending districts is the State average cost per pupil as

determined by the State ·Board or the average cost per pupil in the receiving district, whichever is less. To this amount is added a rental charge based upon certain factors also determined by the State Board.

Rumney, Campton, and Holderness as sending districts and Plymouth as receiving district for the area high school were issued a certificate of organization by the State Board of Education on November 20, 1967 in accordance with the provisions of RSA ch. 195-A. The issuance of such a certificate by the State Board of Education is made conclusive evidence of the lawful adoption of the plan. RSA 195-A:3 IX. Preceding this certification, a plan for an area high school had been approved by the State Board of Education and properly adopted in accordance with the statute by all districts involved. It was adopted in Rumney by a special school district meeting held November 2, 1967.

After certification by the State Board of Education and in accordance with the vote of a special district meeting held in Plymouth, November 6, 1967, the town of Plymouth borrowed $55,000 to partially defray preliminary costs in connection with the planning of a Plymouth elementary school and the area high school. Of this amount $27,153.47 was expended prior to June 8, 1968. On May 23, 1968 the Plymouth School District voted to borrow $2,080,000 to pay for the area high school set forth in the area plan and $770,000 to build a new elementary school. On June 8, 1968 the Rumney School District voted to rescind the action taken at the meeting of November 2, 1967 wherein the Rumney School District voted to petition for annexation to the Plymouth area plan.

The Trial Court transferred two questions as requested by the plaintiff and defendant.

"1. Was the vote of the Rumney School District to withdraw from the Plymouth Area School legally effective?

"2. Is the Plymouth School District in breach of its obligations under the Plymouth Authorized Regional Enrollment Area Plan providing for an Area high school for grades 9-12 by physically annexing Plymouth elementary school grades K-8, the allocated costs of which will be borne solely by the Plymouth School District?"

In addition, at the request of the Rumney Community Association, the Trial Court transferred three other questions without ruling. The first two question the constitutionality of RSA ch. 195-A, and the third questions the Court's ruling excluding evidence of a claim of fraud made at the hearing by the Rumney Community Association.

The exact status of the Rumney Community Association in this litigation is somewhat vague. However, they have participated in the litigation throughout and represent the opposition to Rumney's participation in the area plan. In accordance with our practice of deciding the merits of a controversy regardless of the form in which it is presented we shall consider all issues raised by the participants in the litigation. *Tirrell* v. *Johnston*, 86 N. H. 530, 532; *Lisbon School District* v. *District*, 96 N. H. 290, 292.

RSA 195-A:14 reads as follows: "No sending district may withdraw from an authorized regional enrollment area plan so long as there exists any unpaid debt of the receiving district for the land, buildings and equipment of an area school, including loans of the New Hampshire school building authority, nor, after satisfaction of such debt, may any sending district withdraw from such plan sooner than twenty years after date of operating responsibility. After satisfaction of such debt or upon the expiration of a period of twenty years subsequent to date of operating responsibility, whichever event occurs later, a sending district may secede from the plan by school district vote duly adopted, upon the concurrence of a majority of the other school districts in the area plan, by school district votes duly adopted. Upon withdrawal, a seceding school district shall forfeit its equity in the area school properties located in the receiving district."

If this section is valid and in view of the expenditure of funds and other action taken by the plaintiff, the answer to the first question must be no, that the vote of Rumney to withdraw was ineffective. The defendant Rumney School District having entered into a contract in reliance upon which the Plymouth School District has expended money and obligated itself may not now withdraw under the statute. *Frost* v. *Hoar*, 85 N. H. 442. The Rumney Community Association says this is a long and arduous

contract from which the parties may not withdraw in twenty years or until the debt is paid off, whichever is longer, and then only if a majority of the other participating districts agree. We agree that withdrawal is difficult but this is no ground for invalidating the contract.

The second question submitted by the plaintiff and defendant relates to the fact that Plymouth proposes to build an elementary school physically annexed to the area high school and utilizing certain core facilities. All parties desire to know whether this constitutes a breach of the agreement entered into by Plymouth School District. The area plan subscribed to by all parties contemplated that facilities for vocational training, gymnasium, kitchen, dining facilities, locker rooms and other facilities would be used jointly with the Plymouth elementary schools. The plan apparently contemplated such joint use of the two schools. In the event Rumney School District or any other participating district feels that the adjustment made by the Plymouth super-intendent of schools because of such use is inequitable, RSA 195-A:1 IX and X provide for determination by the state board of both tuition and "[a]nnual rental charge per pupil."

This brings us to the principal arguments of the Rumney Community Association set forth in the questions transferred at their request by the Trial Court. They first argue that RSA ch. 195-A violates Article 4, Section 4 of the United States Constitution, the due process clause of the Fifth Amendment to said Constitution, and the equal protection, privileges and im-munities or due process clause of the 14th Amendment to the United States Constitution. They then argue that it violates Articles 10th, 12th and 28th of Part 1 of the Constitution of the State of New Hampshire.

These constitutional arguments are grounded upon the theory that RSA ch. 195-A took from the Rumney School District the right to administer its own high school and to determine and raise the amount of money to be spent thereon. The cases cited in support of this argument relate to the protection afforded to each citizen to have his vote counted and counted equally with that of every other citizen in the particular political subdivision where he resides. *Reynolds* v. *Sims,* 377 U. S. 533; *Avery* v. *Midland County,* 390 U. S. 474. *Cf., Sailors* v. *Board of Education,* 387 U. S. 105 refusing to apply it to a school board.

RSA ch. 195-A did not take from the School District of Rumney any right to educate its children. The statute provided aid and assistance to school districts desiring to enter into binding arrangements for the extended periods of time dictated by the expenses involved, in order to better educate their children. Rumney School District voted to enter into such a contract and is bound by it.

The Trial Court properly excluded evidence relating to the charge of fraud made by the Rumney Community Association. The petition for declaratory judgment was brought to test the validity of the Rumney School District vote of June 8, 1968 to withdraw from the Area School. Counsel for the Association made a vague statement that the voters of Rumney at the November 2, 1967 meeting were misled by information they received on the proposed plan before the meeting. Who was charged with the fraud is not clear nor what effect it might have had on the outcome. The Trial Court could properly exclude it as being vague, not within issues presented and the declaratory judgment act. RSA 195-A:3 IX would also exclude it.

*Remanded.*

LAMPRON, J., did not sit; the others concurred.