Merrimack,
No. 6130.

ANTHONY W. OLESKEY *v.* STATE.

April 28, 1972.

*Upton, Sanders & Upton* and *Ernest T. Smith III* (*Mr. Smith* orally) for the plaintiff.

*James M. Riley, Jr.* and *Edward F. Smith,* Department of Employment Security (*Mr. Riley* orally), for the defendant.

PER CURIAM. The question transferred for decision is whether the plaintiff is entitled to unemployment compensation benefits by reason of RSA 98-A:3, or whether he is disqualified from the receipt of said benefits by reason of the application of RSA 282:1(H)(4)(r). In pertinent part, the statutes read as follows:

"RSA 98-A:3 Position Made Permanent. Any person appointed under a temporary appointment... who works the equivalent of six months or more, not necessarily consecutively, in any twelve-month period shall be deemed to be... a permanent temporary employee... and entitled to all the rights and benefits of a permanent employee in the classified service of the state."

"RSA 282:1(H)(4)(r): The term 'employment' [for purposes of the unemployment compensation statute] shall not include: Service performed by ... temporary classified employees as herein defined .... Temporary classification in the state employment compensation system shall mean service of a qualified person to a position that is known to be of limited duration."

Following exhaustion of his administrative remedies, RSA 282:5(A)-(E), plaintiff appealed an adverse ruling to the Superior Court (*Flynn,* J.) in accordance with RSA 282:5-G. There was no hearing and the case was transferred here on an agreed statement of facts.

The facts and the administrative record from the Appeal Tribunal indicate that plaintiff was in the employ of the State of New Hampshire from April 1965, to about July 21, 1969. On or about November 3, 1967, he was appointed "on a temporary basis" as a case worker with the Title V, Work Experience and Training Programs, a wholly federally-funded operation. *See* 42 U.S.C.A. *ss.* 2921-25. The quoted language has been the subject of some dispute. Defendant contends that Mr. Oleskey voluntarily relinquished his position with the Department of Welfare to become a temporary classified employee at a position "known to be of limited duration" within RSA 282:1(H)(4)(r). Hence, in accordance with the terms of the statute, his service within the work experience program could not be counted as "employment" for purposes of eligibility for unemployment compensation within RSA ch. 282. Plaintiff, on the other hand, assumed he was only being "temporarily" assigned to the OEO office in Manchester and would eventually return to his position in Concord at the Department of Welfare, the transfer having had no effect upon his classified status. His assumption is based on a letter he received from one Mr. Murphy of the Welfare Department which read, "This is to officially confirm your appointment on a temporary basis as Case Worker with the Work Experience and Training Program, Title V, Office in Manchester ...." Finally, on June 30, 1969, the Title V program closed its doors and plaintiff, after requesting a return to the Concord office, began his quest for unemployment compensation which has led him to this court.

Because we find other considerations that appear to be controlling, it is unnecessary to resolve the alleged conflict between the statutes previously set forth.

It appears from the record taken before the Appeal Tribunal that plaintiff's status as a State employee in the capacity of coordinator of the Work Shop for the Blind became permanent on or about July 1965. Following his transfer, or hiring, to the position of case worker with the Department of Welfare on January 13, 1967, he again became subject to a probationary period as defined by the Rules of the Division of Personnel, page 14, section 23. The need for the new trial period was necessitated by the fact that plaintiff was to assume duties he was not equipped to perform at the time of his appointment. It is an accepted practice to require a new probationary period when an employee is required to adjust to the responsibilities of an entirely different position. Kaplan, The Law of Civil Service 187 (1958). Likewise, as there is no evidence or contention to the contrary, plaintiff's new appointment as case worker was one permanent in nature subject only to the aforementioned probationary period. *See* Rules of the Division of Personnel, Rule II, *ss.* 20, 23. At this point in time then, plaintiff was apparently entitled to eligibility for unemployment compensation benefits under RSA ch. 282.

On or about July 28, 1967, more than eight months after his initial appointment and two months after his probationary period had expired, plaintiff was informed that this period was being "extended". We are unable to find provisions in the Rules of the Division of Personnel which authorize extension beyond the six-month period required. There is provision made for a lesser term in the case of seasonal employees. Rule II, *s.* 23-A. But the section seems generally to mandate either acceptance or rejection within the specified period and to evidence a judgment on the part of the Personnel Commission, based on considerations of fairness to both employee and employer, that such period is sufficient to permit an honest determination of ability or lack thereof. Retention beyond the expiration of the probationary period is generally thought to signify that the employee has successfully completed it. Kaplan, *supra* at 253. Regardless, it is not apparent to us that RSA ch. 282 distinguishes between those permanent

employees still within the probationary period or those who have successfully completed it so far as their eligibility for unemployment benefits is concerned. If for some reason the benefits would be unavailable until the satisfactory completion of the period, the burden would be upon the State to justify its extension. This is not an unreasonable requirement to impose as civil service laws are intended as protection for the individual employee as well as for the public. 15 Am. Jr. 2d. Civil Service *s.* 1, at 464 (1964). It is beyond question and within good sense that a State civil service commission must find within the statutory grant its warrant for the utilization of any authority it claims in the exercise of its purely statutory powers. This is especially true in matters involving the acquisition of a permanent status and the protection incident thereto. *Id. s.* 8, at 470-71.

In November 1967, plaintiff was appointed to the Title V program "on a temporary basis". The State contended upon oral argument that by accepting the appointment, Oleskey waived all the benefits of his permanent status and became a "temporary employee" within the exclusion of RSA 282:1(H)(4)(r). From the record of the testimony taken before the Appeal Tribunal, plaintiff was not cognizant he had made any such waiver. He assumed that "on a temporary basis" meant that he would eventually be directed to return to the Department of Welfare at the expiration of the Title V program. In accordance with this assumption, he testified that he requested such a return transfer in November 1968. The evidence also indicates that following his transfer to the Title V program, plaintiff performed the same duties, bore the same obligations at the same salary, and continued to make the same contributions to the State retirement fund as was his custom prior to the transfer.

It is our opinion then, that absent a showing that his permanent status was knowingly relinquished prior to his transfer to the Title V program, plaintiff is entitled to all the benefits incident to that status, including but not limited to those of unemployment compensation. That the program was one alleged to be "of limited duration" makes no difference, as it is not the nature of the program, but rather the nature of the initial appointment which we deem controlling in this case.

This case will be remanded for a hearing upon the issue of plaintiff's waiver of his permanent status and the rights and benefits incident thereto. *Rautenberg* v. *Munnis,* 107 N.H. 446, 448, 224 A.2d 232, 233 (1966). In the absence of a finding that he knowingly waived these benefits, judgment will be for the plaintiff.

*Remanded.*