584

Personnel Commission
No. 6535

ROGER E. ALLY

v.

STATE PERSONNEL COMMISSION

September 30, 1974

*Hamblett, Kerrigan, LaTourette & Lopez* and *John P. Griffith* *(Mr. Griffith* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* attorney *(Mr. Cleaveland* orally), for the State.

DUNCAN, J. This is an appeal under RSA ch. 541 from a decision by the State personnel commission that the plaintiff's

employment by the fish and game department was properly terminated on March 2, 1972. RSA 98:15 (Supp. 1973). Following a hearing before the commission on March 31, 1972, the chairman informed the plaintiff under date of September 19, 1972, that "no remedy is available . . . to assist you in being reinstated to the Accountant II position . . . consistent with the rules of the Department of Personnel." The plaintiff's request for rehearing was denied and this appeal was taken.

No formal record of the hearing was preserved. The record certified to this court under RSA 541:9, including personnel department rules and records, correspondence, and minutes of the March 31, 1972 hearing, discloses the following:

In December 1969, the plaintiff, a former Marine Corps administrator, was appointed business supervisor aide in the fish and game department. This was a temporary, provisional appointment (Personnel Department Rule II, § 19) to a position created to compensate for the absence of the supervisor of business management, whose serious illness had made the date of his return to work uncertain. The request of the director of fish and game that the plaintiff be employed was approved by the Governor and Council on December 1, 1969, effective from December 15, 1969 until June 30, 1970. Although the notification received by the plaintiff indicated that he would be required to take an examination within six months, the parties have agreed that in "1971 there was no examination given or prepared for the position of Business Supervisor Aide."

In May 1970, at the department's request, the plaintiff's authorization was extended to June 30, 1971. In July 1970, the supervisor of business management returned to work. In May 1971, when the department sought to have the plaintiff's position made permanent, the personnel commission recommended that a new position be established of accountant II. On July 28, 1971, the plaintiff was reclassified downward to the new position, upon approval of his provisional appointment effective July 1, 1971. See RSA 98:17-a. The personnel commission form for the request for this action was termed a request "for demotion", and indicated that the plaintiff was to be converted from a temporary to

a permanent status in the new position. As in the case of the plaintiff's original appointment, the form for this provisional appointment as accountant II indicated that he must take an examination for the position, within six months. Personnel Department Rule II, §§ 1-3.

On December 30, 1971, the plaintiff was directed to appear on January 4, 1972, for a "competitive" examination for accountant II. The plaintiff was the only examinee, and failed the examination. Subsequently a personnel commissioner examiner reviewed the plaintiff's examination with him. Thereafter at his request, because of personal problems at the time of the examination, permission was granted to take a second examination which was given on January 31, 1972. The plaintiff again failed to pass the examination, and his employment was terminated on March 2, 1972.

It is the plaintiff's contention that his original appointment as business supervisor aide became a permanent appointment by reason of its continuance beyond the probationary period, and that he is thus entitled to the protection afforded to permanent employees by RSA ch. 98. He asserts that although his job title was changed upon his demotion, his duties and responsibilities remained the same, and that the demotion was a subterfuge to effect his dismissal. He points out that he served satisfactorily for one and one-half years as business supervisor aide, in the expectation that the position would be made a permanent position at the 1971 legislative session; but that when formal request for a permanent position was made, it was for the position of accountant II.

The record however contains no support for the plaintiff's contention that his duties as accountant II were the same as those for the position of business supervisor aide. That the qualifications for the two positions were not the same may be inferred from the fact that the positions enjoyed different statutory classifications. As the record shows, the position of accountant II had a salary grade of 17 with a maximum of $9235.20 (4th step) as compared to the position of business supervisor aide with a grade of 19 and a third step salary for which the plaintiff was recommended of $9643.40. See Laws 1970, 44:1. When the plaintiff was first employed as business supervisor aide he received a starting

salary of $8455.46, which was the third step for grade 19 at that time. Laws 1969, 500:1. These differences in statutory classification suggest that the qualifications and responsibilities in the two positions were not considered identical and there is no evidence that they were.

The record is plain that throughout his tenure as business supervisor aide, the plaintiff's position was temporary and provisional. The rules of the department of personnel define a "provisional" appointment as an appointment of "not more than six (6) months pending establishment of a register for such position"; and a "temporary appointment" as a position "known to be of limited duration". The statutory definition of a "temporary appointment" in effect during the period in question, defined it as one "made to fill a temporary position" (RSA 98-A:1), a definition enlarged upon by amendment in 1973, to provide that it should mean "an appointment made to fill a temporary position on a full-time basis for the period of appointment." RSA 98-A:1 (Supp. 1973).

Again the record is clear that when the position of accountant II was established, it was "a new position", and that personnel department rules were interpreted to require that a provisional appointee such as the plaintiff should pass an examination in order to qualify for permanent status. *See* Rule II, §§ 3, 19.

Despite these requirements, the plaintiff relies upon the provisions of RSA 98-A:3 to establish entitlement to the "same protection which is afforded to a permanent employee". This section provides as follows: "Position Made Permanent. Any person appointed under a temporary appointment or any person appointed under a seasonal appointment who works the equivalent of six months or more, not necessarily consecutively, in any twelve-month period shall be deemed to be respectively a permanent temporary employee or a permanent seasonal employee and entitled to all the rights and benefits of a permanent employee in the classified service of the state."

Since the plaintiff was employed for more than six months in the position of business supervisor aide, he may fairly be said to have become a "permanent temporary" employee within the definition of RSA 98-A:3. *See Oleskey v. State,* 112

N.H. 131, 290 A.2d 621 (1972). The benefits to be enjoyed by a "permanent temporary" employee however are restricted by RSA 98-A:4 which provides that such an employee "shall be eligible for retroactive accumulation of payment of accrued annual leave upon being laid off for the season or separation from service", and further that he "shall be eligible to accumulate sick leave"; but that "[n]o payment for sick leave . . . shall be made for accrued sick leave upon lay-off or separation." Since the plaintiff seeks no payment of accrued annual leave but seeks to obtain reinstatement to the permanent position of accountant II, RSA ch. 98-A furnishes no support for his contention. Nor does the statute support his contention that the position of business supervisor aide was permanent, since it defined a temporary appointment as a temporary position. RSA 98-A:1.

Taken as a whole, the record suggests that the plaintiff was afforded special consideration by being given provisional appointment to a new permanent position when his temporary one expired and by being permitted to twice take an examination for the permanent position to which he seeks to be reinstated. In any event, it falls short of establishing as a matter of law that termination of the plaintiff's service resulted from a bureaucratic maneuver to relieve him of his position. His complaint that the examinations which he failed did not comply with personnel rules because not competitive and because his identity was known to the examiner since he was the sole examinee, affords no basis for the relief sought. The rules provide for provisional appointment pending establishment of a register of eligibles, the necessity for which rests in the discretion of the director of personnel. Rule II, § 1. A shortage of applicants cannot be considered to have been prejudicial to the plaintiff.

RSA 541:13 provides that the burden of proof is upon the plaintiff to show that the decision of the commission was "clearly unreasonable or unlawful", and all findings of the commission upon "all questions of fact properly before it shall be deemed to be *prima facie* lawful and reasonable." RSA 541:13. As pointed out in *Peabody v. State Personnel Commission,* 109 N.H. 152, 155, 245 A.2d 77, 79 (1968), the commission's findings and conclusions are not to be lightly

set aside. The record in this appeal fails to satisfy the plaintiff's statutory burden.

*Appeal dismissed.*

GRIFFITH, J., did not sit; the others concurred.