Personnel Commission
No. 6769

RAYMOND PROULX & a.

v.

STATE PERSONNEL COMMISSION

December 31, 1974

*Cleveland, Waters & Bass* and *Michael C. Moyers (Mr. Moyers* orally) for the plaintiffs.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* attorney *(Mr. Cleaveland* orally), for the defendant.

PER CURIAM. This is an appeal under RSA ch. 541 from a denial of a hearing to the plaintiffs on the ground that they failed to take their appeal in accordance with the rules of the personnel commission. Unlike *Ally v. State Personnel Commission,* 114 N.H. 584, 326 A.2d 263 (1974), and *Peabody v. State Personnel Commission,* 109 N.H. 152, 245 A.2d 77 (1968), we are not dealing with an appeal from a decision where the burden is upon the plaintiff to show the decision "clearly unreasonable or unlawful" in the face of a "prima facie" presumption that it was lawful and reasonable. RSA 541:13. Rather we are concerned with whether the commission correctly applied their rules to deny a hearing to the plaintiffs.

The dispute arises out of the reevaluation by the personnel commission effective January 7, 1972, of the class "Retail Clerk II" from labor grade 9 to labor grade 10. This decision allegedly resulted in discrimination against plaintiffs who were Retail Clerk II Employees in the minimum step of labor grade 9. Plaintiffs first learned of the alleged discrimination in March of 1972 and between then and December of 1972 they sought explanation from two store managers, a store supervisor and an administrative assistant to the liquor commission. On each occasion they were told no error had been made. Plaintiffs then enlisted the aid of the State Employees' Association which "sought information on this matter" in a letter dated January 12, 1973, to the director of the department of personnel. On March 29, 1973, the personnel commission replied by letter stating that the request for information was characterized as a "request for consideration and/or

appeal," and since it was over a year after the date of reclassification, the commission determined it to be "untimely and not in accordance with the provisions of Rule VI, Rules.of the Department of Personnel." A request for reconsideration was denied by letter on September 20, 1973, in which the commission stated it "unanimously affirmed their decision dated March 29, 1973" and this appeal followed.

The rules and regulations of the department of personnel govern the agency's internal operations and protect the interests of aggrieved State employees. Rule VI, § 5 provides the appeal·procedure for an employee to follow when he is aggrieved by any interpretation, application, or decision with respect to compensation. The rule establishes a five-step appeal procedure from immediate supervisor to the personnel commission. In this case the procedure provided in the rule was not adhered to either by the plaintiffs in the form of and time of appeal nor the commission in the form of and time of response to the appeal. It is apparent that this occurred because plaintiffs did not view their initial inquiries as an appeal nor did their supervisors so treat them in the period from March 1972 to December 1972. By relying solely on the ground that the request came over a year from the date of the reclassification, the personnel commission violated the spirit of their rule VI, which states, in part, that "the right of appeal will not be denied because of delay in originating such an appeal."

In oral argument counsel for the commission agreed that plaintiffs could, if they wished, initiate a new appeal in accordance with rule VI and they would then be entitled to a hearing. In this posture of the case, we can conceive of no useful purpose being served by requiring plaintiffs to reinitiate their complaint on their classification, and we therefore remand the case for hearing by the commission of the appeal. *See Hallahan v. Riley,* 95 N.H. 419, 421, 65 A.2d 278, 279 (1949); *Plymouth School District v. Rumney School District,* 109 N.H. 306, 250 A.2d 831 (1969).

*Remanded.*