Personnel Commission
No. 7275

RAYMOND PROULX & *a.*

v.

PERSONNEL COMMISSION
OF THE
STATE OF NEW HAMPSHIRE

May 29, 1976

*Cleveland, Waters & Bass* and *Michael C. Moyers (Mr. Moyers* orally) for the plaintiffs.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* assistant attorney general *(Mr. Cleaveland* orally), for the Personnel Commission.

GRIFFITH, J.   This is an appeal under RSA ch. 541 from a personnel commission ruling that plaintiffs were not subjected to discriminatory treatment in the course of a reclassification of the position of Retail Store Clerk II of the New Hampshire Liquor Commission from labor grade 9 to labor grade 10. On December 30, 1971, the personnel commission upgraded the positions effective January 7, 1972. The initial appeal of the plaintiffs to the personnel commission was dismissed by the commission as tardy, but in *Proulx v. State Personnel Commission,* 114 N.H. 803, 330 A.2d 116 (1974), it was remanded by this court for hearing by the personnel commission.

Prior to the reclassification, the plaintiffs were in the minimum step of labor grade 9. They complain that the application of rule IV, section 2 (e) of the rules of the department of personnel, which determines the specific step within the new labor grade in which each employee will be placed upon reclassification, treats minimum step employees unfairly in relation to employees in higher steps of the same labor grade.

Rule IV, section 2 (e) states in pertinent part:

> "*Reallocation and reevaluation* — whenever an employee's position or class is reallocated or reevaluated upward, due to a definite change in job content, he shall be paid at the minimum rate of the new class. If said minimum is less than or the same as his former rate, he shall be paid at the next full step above his former rate . . . ."

The minimum rate of labor grade 10, $5,791.24, was more than the plaintiffs' former rate of $5,569.46, but less than the former rate of all other grade 9 employees who were reclassified with them. Consequently, the plaintiffs were governed by the first sentence of rule IV, section 2 (e), being paid at the minimum rate of grade 10 and receiving no increase in step. Employees formerly in steps 1, 2 and 3 of grade 9, on the other hand, were controlled by the second sentence. These were raised a step above that which they had previously occupied, and were thereafter paid at step 2, 3 and maximum rates respectively in the new grade.

Plaintiffs contend that the disparate treatment which they received was a result not intended or contemplated by the legislature, amounting to a denial of equal protection of the laws in contravention of the State and Federal Constitutions. They rely on the fact that when first drafted, the rule produced consistent results because of the pattern of the salary schedule then in effect. At that time, the amount received by employees in a given step was exactly that paid to employees in the next lowest step of the next highest grade. When rule IV, section 2 (e) was applied to an upgrading under this symmetrically constructed pay scale, it operated in all cases to place an employee in the same step of the new grade which he formerly occupied in his old grade. In 1957, however, the legislature's introduction of nonuniform pay increases, whereby the amount earned in a given step was higher than that received by employees in the next lowest step of the next highest grade, gave rise to divergent results. Ever since then,

steps 1, 2 and 3 have received a step-up upon up-grading, whereas employees in the minimum step have retained their former place.

We do not reach the constitutional question, for we find that rule 4, section 2 (e) as it presently operates is in conflict with the statutory directive both express and implied in RSA ch. 98; *i.e.,* that uniform pay schedules be equitably applied to all employees within the same classification. Laws 1950, 9:1 established the present personnel commission and classification system. In connection with the transition and establishment of employee classifications it provided at section 19 "IV. That the salaries within the minimum and maximum range shall be equitably determined." *See* Note, Transition to Classification Plan, RSA ch. 98.

RSA 98:13 outlines the duties of the director of personnel and states in section XIII that he shall "be responsible for the preparation, maintenance and revision of a position classification plan for all positions in the classified service, based upon similarity of duties performed and responsibilities assumed, so that the . . . same schedule of pay may be equitably applied to all positions in the same classifications . . . ."

RSA 98:8 III empowers the personnel commission to "[m]ake such rules and regulations . . . as it shall deem necessary or proper to carry out its purposes". In section 1 of the rules of the department, the "purposes" which under RSA 98:8 III are to be implemented by rules are enumerated in a general statement of policy which states, "The purpose of these rules is to implement and to give effect to the intent and requirements of the Act by establishing procedures for personnel transactions in such manner as to insure . . . the establishment and maintenance of a *uniform* plan of classification and pay based upon the relative duties and responsibilities of positions in the state classified service." (Emphasis added.)

The foregoing establishes a statutory purpose to treat uniformly all employees within the same classification with respect to pay schedules. When originally promulgated, rule IV, section 2(e) was in harmony with this statutory purpose, but since 1957 it has been in conflict therewith and has accordingly become invalid. *Harkeem v. New Hampshire Department of Employment Security,* 115 N.H. 658, 348 A.2d 711 (1975); *Clark v. N.H. Dep't of Health and Welfare,* 114 N.H. 99, 315 A.2d 187 (1974). The fact that a rule at one time operated in compliance with the policy of the statute will not preserve its validity after changed circumstances bring results

in conflict with the legislative intent. *See Stouffer Corp. v. Board of Liquor Control,* 165 Ohio St. 96, 133 N.E.2d 325 (1956).

The personnel commission does not deny that rule IV, section 2(e) presently results in discrimination contrary to the intent of RSA ch. 98. In its decision of July 9, 1975, the commission stated that "in its opinion the intent of the rule has been distorted by the manner in which heterogeneous salary increases have been enacted over the years." The attorney general's office has also recognized that the rule must be changed but argues that a specific case is not the proper vehicle to effect a change. It maintains that although a proceeding to amend the rule is presently in progress, this case must be decided under rule IV, section 2(e) as originally written.

The force of the above argument is dissipated by the fact that although the statute directs the personnel commission and the director to periodically revise the rules so that they may be adapted to the changing needs of State service (RSA 98:8 IV; RSA 98:13 XIII, XIV) nineteen years have passed without change in a rule operating contrary to the purposes of the statute. Under these circumstances, the purpose of the statute should not be defeated by the rule which has discriminated against these plaintiffs. Accordingly, we hold that the plaintiffs are entitled to be classified in the first step of grade 10 as of January 9, 1972, the date the reclassification became effective.

Plaintiffs urge us with some trenchant arguments to charge the State interest and double costs under RSA 490:14-a (Supp. 1975), the frivolous appeals statute, even though the State is not the appealing party. Plaintiffs cite the two appeals to this court and the numerous delays they encountered from the commission in their attempt to obtain a decision from this court. However, RSA 490:14-a (Supp. 1975) does not provide for an order in favor of an appealing party.

*Appeal sustained.*

All concurred.