Original
No. 6978

PAUL E. TASKER & *a.*

v.

NEW HAMPSHIRE PERSONNEL COMMISSION

April 30, 1975

*Cleveland, Waters & Bass* and *Robert T. Clark (Mr. Clark* orally) for the plaintiffs.

*Warren B. Rudman,* attorney general, and *Edward A. Haffer,* assistant attorney general *(Mr. Haffer* orally), for the defendant.

LAMPRON, J. Petition for a writ of certiorari filed by Paul E. Tasker, Steven W. Rollins, Leonard S. Riel, and William M. Turner seeking a review of a decision of the State personnel commission which upheld the promotion of Neil W. Mooers to the post of chief conservation officer for district five made by Bernard W. Corson, director of the State fish and game department. The main issue to be decided is whether the decision of the commission upholding on review the choice of the director could legally be made.

The vacancy in the above position occurred in late 1973, and in January 1974 the director posted notice of his intention to fill it. The four plaintiffs and Mooers applied for the position. Rule II, section 3 of the rules of the personnel commission reads in part as follows: "Selection for . . . promotion shall be based upon capacity for the vacant position, ability as evidenced by past performance, and length of service with the Department." The director interviewed the five applicants in accordance with these standards and made a preliminary decision to appoint Neil R. Mooers. After seeking and receiving approval from the personnel commission that Mooers met the required minimum qualifications for the position, the director then appointed him chief conservation officer for district five. Objecting to the appointment, plaintiffs took the required appeal to the department head, then to the director of personnel who referred the matter to the personnel commission. RSA 98:14. After hearings, the commission denied plaintiffs' appeal as well as their motion for reconsideration or rehearing. Plaintiffs then filed this petition for writ of certiorari under RSA 490:4 (Supp. 1973).

The commission takes the position that plaintiffs had a right of appeal under RSA ch. 541 as provided by RSA 98:15 (Supp. 1973) and cannot obtain review of its decision by certiorari. The latter section provides that adverse decisions of the personnel commission pertaining to a "dismissal, demotion, or suspension" are subject to such an appeal. The commission argues that although appeals from a promotion are not mentioned therein they fall within its general language. It is not unusual for the legislature to surround

the dismissal, demotion and suspension of public officers and employees with certain safeguards, such as notice, hearing and appeal to a court, which are not granted in other situations. *See* 63 Am. Jur. 2d *Public Officers and Employees* §§ 208-11, 258 (1972). We are of the opinion that the general language of this statute was not intended to grant a right of appeal in this case in view of the lack of a specific mention of promotions as coming within its provisions. *Hackett v. Gale,* 104 N.H. 90, 92, 179 A.2d 451, 453 (1962).

There being no appeal "authorized by law" (RSA 541:2) from the decision of the personnel commission, certiorari is a proper remedy in this case. *Winn v. Jordan,* 101 N.H. 65, 133 A.2d 485 (1957); *see N.H.-Vt. Physician Serv. v. Durkin,* 113 N.H. 295, 306 A.2d 62 (1973). However, our opinions have consistently pointed out that on certiorari it is not open to this court to make de novo findings or to revise those made by the commission. The only question before us is whether the commission has acted illegally in respect to jurisdiction, authority or observance of the law, thereby arriving at a conclusion which could not legally or reasonably be made. *Landaff School Dist. v. State Bd. of Educ.,* 111 N.H. 317, 282 A.2d 678 (1971). The plaintiffs maintain that the commission could not rule and find that Mooers met the minimum qualifications for the position and that he was better qualified for the position of district chief conservation officer than all the plaintiffs. They further claim that they were discriminated against because of their membership in the Conservation Officers Relief Association.

The minimum qualifications for a district chief conservation officer are as follows: "(1) Completion of a two year college course in fish and game management, wildlife conservation or the equivalent. (2) Four years of experience as a Conservation Officer or any equivalent combination of education and experience. (3) Knowledge of laws and regulations relating to fish and game. Ability to work with and direct men in the field. Knowledge of and good judgment in law enforcement and court procedure. Ability to obtain and maintain cooperation among allied law enforcement branches and the public. Ability to organize and direct search and rescue projects." The plaintiffs admitted that Mooers had completed four years and one and one-half months experience as a conservation officer at the time of his selection. Hence the issue is reduced to whether his experience outside of the fish and game department was equivalent to the required college course or to appropriate additional experience.

In applying this standard the commission equates one and one-half years of experience with one year of education. This is not applied as an arbitrary rule but rather as a reasonable measure. *See* Rules of New Hampshire Personnel Commission I, § 11 (1974). The deputy director of personnel testified that it was determined that Mooers met the minimum qualifications based on the following factors: one year and five months experience as a municipal policeman; one year and six months experience as a marina worker; two years as a licensed guide in this State. The above was in addition to his seven months experience as acting chief conservation officer for district five; and his two years of college education, albeit in "Building Construction Technology." The plaintiffs offered evidence challenging the adequacy of Mooers' equivalent experience. Their emphasis, however, related to his length of service in fish and game and to the fact that he was too aggressive. Based on our review of the transcript and of the exhibits before the commission, we cannot say as a matter of law that the commission could not reasonably conclude that Mooers met the minimum qualifications required for the position to which he was appointed. *Winn v. Jordan,* 101 N.H. 65, 133 A.2d 485 (1957); *N.H.-Vt. Physician Serv. v. Durkin,* 113 N.H. 717, 720-21, 313 A.2d 416, 419 (1973).

The question of which of the five applicants should have been appointed does not lend itself to such concrete standards as the above. The criteria upon which selections are to be made are: the individual's capacity for the vacant position, his ability as evidenced by past performance, and his length of service with the department. Rules of New Hampshire Personnel Commission II, § 3 (1974). Director Corson testified that all candidates were evaluated in light of these criteria. He admitted that Mooers' four years of experience as a conservation officer was substantially less than the twenty-two years average experience of the other four candidates. He stated, however, that although this factor was considered it was more than outweighed by Mooers' capacity for the position and by his past performance. Mooers' knowledge, judgment, leadership qualities, ability to direct, motivate and control subordinates, and the manner in which he performed as deputy district chief for three and one-half months and as acting district chief for seven months, weighed heavily in his choice for district chief conservation officer according to the testimony of Director Corson. Although plaintiffs introduced evidence attacking the value judgments made by the director of the candidates, again we cannot say as a matter of law that the director's choice of Mooers could not reasonably be made on the

record. *Landaff School Dist. v. State Bd. of Educ.,* 111 N.H. 317, 282 A.2d 678 (1971).

Finally, much evidence was introduced on the issue of whether or not the plaintiffs' failure of promotion was based in some degree on their membership in, and activities in support of, the Conservation Officers Relief Association. Plaintiffs properly concede in their brief that the record contains no direct evidence or admissions that the director discriminated against them on that account. We agree with their contention that such proof is difficult to obtain. However, even if the evidence introduced is construed most favorably to the plaintiffs, we cannot say that it was so weighty that the commission could not reasonably find on the record that discrimination did not motivate and account for the choice made by the director. Consequently plaintiffs' petition for a writ of certiorari must be denied.

Since we have not adopted the commission's contention that this action is an appeal under RSA ch. 541, costs are not regulated by RSA 98:14-a (Supp. 1973) which provides that they be collected from the appealing party. RSA 525:1 which governs costs generally provides that they be awarded to the prevailing party. However, since this action originated in this court, the allowance of costs is within our discretion. *Medico v. Almasy,* 108 N.H. 324, 234 A.2d 527 (1967); RSA 525:3. On the record before us we are of the opinion that justice would be served if no costs were awarded, and it is so ordered.

*Petition denied.*

All concurred.