Personnel Commission
No. 7522

TROOPER JOHN H. NASON, JR.

v.

NEW HAMPSHIRE PERSONNEL COMMISSION

February 28, 1977

*Malloy & Sullivan* and *James J. Barry, Jr.,* of Manchester (*Mr. Barry* orally) for the plaintiff.

*David H. Souter,* attorney general, and *Andrew R. Grainger,* (*Mr. Grainger* orally) for the defendant.

PER CURIAM. Plaintiff, a member of the New Hampshire State Police, appeals pursuant to RSA 541:13 the order of the personnel commission dismissing his appeal and affirming his suspension ordered by the director of the state police. The primary questions to be determined in this appeal are whether a 20-day suspension constitutes a property right within the meaning of the fourteenth amendment to the United States Constitution so as to entitle plaintiff to notice and a presuspension hearing and whether the commission's decision was unjust or unreasonable. We dismiss the appeal.

Plaintiff was suspended for twenty days without pay due to the following two incidents:

On February 12, 1976, Trooper Nason was given sealed relays addressed to three Executive Councilors. Although Nason was not informed that these relays were unusual, important or that it was an emergency situation, he testified he suspected that they contained Governor and Council agenda and that they looked important. He was not specifically told to hand-deliver the relays to the Councilors. He testified that because he was the only trooper on the highway between Concord and the Massachusetts border, and because in the past he was told not to go off the turnpike, he left the relays at the local police departments of the Councilors and that he received assurances that they would be promptly delivered.

The police departments in Manchester and Concord made timely delivery of the relays. The Nashua police failed to deliver the package to Councilor Streeter. Instead, they telephoned the Councilor some hours later and suggested that he pick up the relays. The next morning Councilor Streeter retrieved the package.

The record of the disciplinary hearing indicates that the charge of a violation of rule VI, section 3-a (neglect of duty) of the Rules and Regulations Governing the Division of State Police (hereinafter Rules), was based on plaintiff's alleged violation of a standard operating procedure (S.O.P.) for hand-delivery of relays to the addresses. Although there is no written S.O.P. for the hand-delivery of relays, there were affidavits submitted by other officers stating

that this was standard operating procedure known at least to the affiants.

The second charge upon which the suspension order was based, that of an alleged violation of rule VI, section 3-d (conduct unbecoming an officer), is found upon Nason's stated reason for his failure to attend an optional training class scheduled for late in the month of January.

In a letter dated January 1, 1976, Nason had requested permission to attend a training class which he then believed to be scheduled for January 21. On January 9, Nason received a letter in which he was granted permission to attend a January 2 class. Nason testified that he was later informed by telephone that the letter was in error and that the correct date for the class was January 26, 1976. Nason claims that on this basis he entered the date of January 26 in his diary as the date scheduled for the training class. The person phoning Nason testified that to the best of his recollection he told Nason the class was scheduled for January 21.

Nason claimed that because of a freezing storm on January 26, on which motorists were advised to stay off the roadways, he did not attend the class. In actuality, the class had been scheduled for and held on January 21.

Near the completion of his highway patrol shift from 10:00 p.m. February 24, 1976, to 7:00 a.m. February 25, Nason received a radio message at 6:50 a.m. to proceed to the director's office at headquarters. Nason arrived at the office of the director of the division of state police, at approximately 8:00 a.m. Before he entered the director's office, Nason was informed that he was about to undergo a disciplinary hearing. Nason had previously submitted written explanations as to why he did not attend the lecture and why he did not hand-deliver the packages to the Councilors.

When asked by the director why he did not attend the training session, Nason responded that a freezing snowstorm made road travel unsafe on that day. The director had information that January 21 was a relatively clear day, and found that Nason was lying.

At the conclusion of the hearing, Nason was suspended for twenty days without pay. Plaintiff appealed this decision to the personnel commission which after a hearing dismissed his appeal. Plaintiff then appealed to this court.

Plaintiff's primary contention is that as a permanent employee he had an expectation of continued employment that qualifies as a

property right protected by the due process clause of the fourteenth amendment to the United States Constitution. He therefore submits that before he could be suspended for twenty days he was entitled to notice and a hearing. He further argues that a post-suspension hearing does not cure the presuspension due process violations.

Rule VIII, section 1 of the department of personnel entitled "Suspension" provides in pertinent part that: "An appointing authority may, at his discretion, suspend an employee without pay for disciplinary reasons or other cause." It then provides for the forwarding to the director of personnel a copy of the written notice to the employee. There is no provision for hearing prior to suspension, but section 4 and RSA 98:15 (Supp. 1975) provide an appeal to the personnel commission and there is a further right to appeal to this court under RSA ch. 541.

The fact that suspension may, under the rules, be at the appointing authority's discretion, without notice or hearing, negatives the argument that plaintiff had a property interest in continued employment without suspension which would give him the right under the Federal Constitution to a presuspension hearing. *Bishop v. Wood*, 426 U.S. 341 (1976). We are mindful of such cases as *Goss v. Lopez*, 419 U.S. 565 (1975) and *Muscare v. Quinn*, 520 F.2d 1212 (7th Cir. 1975), but they were decided before *Bishop v. Wood supra*, which we consider controlling in this case.

Moreover plaintiff did receive a hearing prior to suspension. Although plaintiff argues that the presuspension hearing was inadequate because of the lack of reasonable notice and specification of charges it was more than the rules provided for and more than the Constitution of the United States required. *Bishop v. Wood supra*.

Whether or not an employee should receive a hearing with reasonable notice and specification of charges before being suspended for a brief period is a matter for the legislature or the personnel commission to determine.

Plaintiff urges us to set aside or vacate the decision of the personnel commission as being "unjust or unreasonable." RSA 541:13. The issues before the commission involved questions of credibility. It was for the commission to resolve such conflicts and to accept or reject such parts of the testimony as it deemed fit.

*Peabody v. State Personnel Comm'n,* 109 N.H. 152, 245 A.2d 77 (1968). We cannot say that its decision was "unjust or unreasonable."

Plaintiff's final argument is that the commission erred in excluding evidence that no punishment had been imposed on another state trooper who it is claimed gave false statements to the Massachusetts State Police regarding a murder investigation, the testimony of the director of state police regarding his knowledge that plaintiff had once been reprimanded for leaving his patrol area to assist the Nashua police in quelling a riot, and evidence to show that the director of state police disliked plaintiff because of his actions in seeking to unionize the state police.

█ Although the commission is not bound by technical rules of evidence this does not mean that it must admit all evidence offered regardless of its relevance. What had occurred regarding another trooper is not relevant to plaintiff's case and the admission of such evidence would have resulted in opening up collateral issues.

█ What the knowledge of the director of state police was regarding a prior reprimand for leaving plaintiff's patrol area was also irrelevant because the commission had the evidence of the prior reprimand before it in making its determination. Also it should be noted that the plaintiff would have had to leave his patrol area to deliver the papers to the Nashua Police Station.

The evidence regarding the director's attitude toward the plaintiff was also irrelevant to the board's determination on the evidence before it. Plaintiff's reliance on RSA 98:15 (Supp. 1975) which requires reinstatement if the board finds that the action complained of was taken for "any political, religious or racial reason" is misplaced. The political reasons referred to relate to politics in the narrow sense of partisan political activity and not to involvement in labor matters. *See Hirschman v. Los Angeles County,* 231 P.2d 140 (Cal. Dist. Ct. App. 1951); *Pawell v. Unemployment Compensation Bd. of Review,* 146 Pa. Super. Ct. 147, 22 A.2d 43 (1941).

*Appeal dismissed.*

DOUGLAS, J., did not sit.