Personnel Commission
No. 7623

MARY JANE MORSE

v.

PERSONNEL COMMISSION

June 20, 1977

*Cleveland, Waters & Bass,* of Concord, and *Michael C. Moyers,* of Concord (*Mr. Moyers* orally), for the plaintiff.

*David H. Souter,* attorney general, and *David W. Marshall,* attorney (*Mr. Marshall* orally), for the defendant.

KENISON, C.J. The plaintiff, an employee at the New Hampshire Hospital, was demoted from the position of Dietician II to

that of Dietician I. After a hearing, the personnel commission upheld the demotion and upon rehearing, RSA 541:3, affirmed its original decision. Plaintiff appeals under RSA 541:6.

During the morning of November 4, 1975, the plaintiff, who had served for twenty-five years with no disciplinary problems, was in the hospital cafeteria talking to several other employees, including Security Officer Stoney. They were discussing certain alleged improper uses of monies by hospital employees. In the course of conversation, the plaintiff asked Officer Stoney if he would be interested in knowing that her immediate superior, Martina Fahey, Director of Food Service, had in her desk drawer United Fund money from the previous year's campaign. Officer Stoney testified that he was interested and that later in the day he discussed the matter with his superior, Mr. Paradis, Chief of Security, who told him "to follow up on it."

That evening Officer Stoney approached the plaintiff, who was attending a meeting at the hospital, and asked her if she would accompany him to Miss Fahey's office and show him where the United Fund money was located. She agreed to do so. They entered Miss Fahey's office, opened the drawer and located the envelope which had the words "United Fund" written on the outside. Officer Stoney photocopied a certain check in the envelope and returned it to the drawer.

The offices of Miss Fahey and the plaintiff have an unlockable door between them. The testimony was that the plaintiff and other employees frequently went into parts of Miss Fahey's desk to obtain office supplies, that the plaintiff often sat at Miss Fahey's desk while talking on the phone and doing other work and that sometimes the drawers were open when she was sitting there. Miss Fahey testified that she regularly locked her desk. However, the locking mechanism was such that sometimes one or more drawers would fail to lock if they were not properly closed. Notwithstanding this testimony, how the plaintiff originally became aware of the money was not resolved at the hearing. In any event, that question has no bearing on our review since the plaintiff was demoted for the November 4, 1975, search of Miss Fahey's desk. Whether the drawer was locked when Officer Stoney and the plaintiff entered it was also left unresolved. There was, however, no evidence that the drawer was forcibly opened or that the plaintiff had a key.

The hospital superintendent, Major Wheelock, demoted Miss Fahey on the basis of this and other evidence. Although he had no objection to using the evidence against Miss Fahey, the superintendent concluded that the plaintiff's actions were not consistent with the "new moral tone" of the hospital, and he demoted her on the ground that "she had initiated and participated in what [he] viewed as an unauthorized entry into the desk of her superior." There is no evidence in the record that the plaintiff was given the four-week warning prior to demotion as required by the department of personnel's own rules. Rule VIII, § 2A. We will not reverse on that basis, *Hunt v. Personnel Comm'n*, 115 N.H. 713, 349 A.2d 605 (1975), so that we may decide the merits of the case and thereby avoid any future litigation by the parties. We do not deny that an appointing authority could, in his discretion, conclude that an unauthorized entry by one employee into another employee's desk constitutes "good cause" for demotion under rule VIII, § 2 of the department rules. We are concerned only with the propriety of the determination that the plaintiff's actions were unauthorized.

The standard of review in this case is controlled by RSA 541:13. The commission's findings upon questions of fact are prima facie lawful and reasonable, and the decision appealed from shall not be set aside except for errors of law or unless the court is satisfied by a preponderance of the evidence that the order is unjust or unreasonable. *Peterborough Savings Bank v. King*, 103 N.H. 206, 168 A.2d 116 (1961). "A finding of fact is the assertion that a phenomenon has happened or is or will be happening independent of or anterior to any assertion as to its legal effect." L. Jaffe, Judicial Control of Administrative Action 548 (1965) (emphasis deleted). That the plaintiff and Officer Stoney together entered the desk of Miss Fahey is a finding of fact and entitled to great weight. *Plymouth Fire Dist. v. Water Pollution Comm'n*, 103 N.H. 169, 167 A.2d 677 (1961). That such an entry was unauthorized is analytically a conclusion of law, L. Jaffe, *supra* at 548–55, and must be error free. Our traditional responsibility of reviewing the legal determinations of administrative agencies is somewhat enhanced in this case by the fact that there are no hospital rules applicable to the plaintiff's conduct nor clear, ascertainable standards to which the plaintiff could have referred prior to her actions.

■ The evidence is that (1) the plaintiff knew Mr. Stoney was a hospital security officer and that he had been involved in other such investigations, (2) Officer Stoney sought out the plaintiff at a meeting at the hospital, (3) it was Officer Stoney who suggested the search and (4) she entered the desk in the company of Officer Stoney. Even viewing all the facts and nuances most favorably to the commission's decision, we conclude as a matter of law that under all the circumstances her actions cannot be characterized as unauthorized. The plaintiff reasonably could have, and did in fact believe, that Officer Stoney was authorized to search the desk and that it would be appropriate for her to comply with his requests for assistance in the investigation. Even the hospital superintendent who demoted the plaintiff recognized that employees have a responsibility to disclose knowledge of wrongdoing to the appropriate officials. *See* Note, *Government Employee Disclosures of Agency Wrongdoing; Protecting the Right to Blow the Whistle,* 42 U.Chi.L.Rev. 530 (1975).

Officer Stoney's superior, the chief security officer, testified that, as far as he was concerned, Officer Stoney unquestionably had authority to go into the desk and photocopy the evidence and that he was "on the clock" and working for the hospital at the time of the search. The important point is that from the plaintiff's viewpoint Officer Stoney appeared to have complete authority to conduct the search; no defect in his authority could render the plaintiff's actions unauthorized. That the plaintiff originally informed Officer Stoney of the money in the drawer is irrelevant to the issue of whether her entry was authorized.

■ This decision does not give license to state employees to rifle through the desks of their superiors; we do not condone any such conduct. If the plaintiff was acting independently rather than in response to a reasonable request of the security officer, the case would be significantly different. Now, as in the past, the findings of the personnel commission are given great weight and are not set aside lightly. *McIntosh v. Personnel Comm'n,* 117 N.H. 334, 374 A.2d 436 (1977); *Ally v. State Personnel Comm'n,* 114 N.H. 584, 326 A.2d 263 (1974); *Hutton v. State Personnel Comm'n,* 113 N.H. 34, 300 A.2d 333 (1973). However, in the present case, the legal conclusion that the plaintiff's entry was unauthorized cannot be

sustained. Plaintiff should be reinstated to her former position with back pay and benefits.

*Appeal sustained.*

All concurred.