Personnel Commission
No. 7602

WILFRED DESMARAIS

v.

STATE OF NEW HAMPSHIRE
PERSONNEL COMMISSION

July 11, 1977

584

*Cleveland, Waters & Bass*, of Concord (*Mr. Michael C. Moyers* orally), for the plaintiff.

*David H. Souter*, attorney general, and *Wilbur A. Glahn, III*, assistant attorney general (*Mr. Glahn, III* orally), for the defendant.

Bois, J.   On March 12, 1976, the plaintiff, formerly head chef of the New Hampshire Hospital, was charged by Major Wheelock, the hospital superintendent, with eleven specific allegations of misconduct. Major Wheelock, noting that under the rules of the department of personnel any one of the alleged instances of misconduct would justify plaintiff's discharge, ordered plaintiff discharged from his position. On appeal to the defendant personnel commission (the "commission"), five of the charges were upheld and relief accordingly denied. One of the commission members, characterizing the evidence against the plaintiff as "flimsy and unreliable," dissented from this decision. Plaintiff now appeals to this court under RSA ch. 541, alleging the evidence to be insufficient to support the charges and, additionally, that his hearing was marked by numerous procedural errors.

We consider first the charges. The commission found substantiation for the following allegations:

"1. In connection with a picnic of the Hospital Security Staff in August 1975, you participated in the stealing of Hospital property—namely, paper goods, eating utensils, and food.

2. In connection with the same picnic, you participated in the stealing of Hospital services—namely, food preparation by Hospital employees at the Hospital kitchen.

. . . .

5. In connection with weddings of two of Arnold Paradis' sons, you participated in the stealing of Hospital property—namely, food.

6. In connection with the same weddings, you participated in the stealing of Hospital services—namely, food preparation by Hospital employees at the Hospital kitchen.

. . . .

9. Over an extended period, you have perverted the authority of your office by unfairly discriminating among your subordinates:

. . . .

(c) You have taken administrative retribution against a subordinate who had cooperated with the State Police in their investigation of the Hospital kitchen."

Obviously, these five allegations essentially involve three situations of misconduct: plaintiff's role in a 1975 picnic for the security staff, in certain wedding preparations, and in administrative retribution against subordinates cooperating in an official investigation of plaintiff's conduct.

In connection with the "picnic" charges, the commission listed the following findings of fact:

"a. State Police Detective Thomas Winn testified that Mr. Desmarais admitted to him that hospital services had been used to prepare food for the August, 1975 Security Officers' picnic.

"b. Chief Robert Knapp and Cook Joseph Bigwood testified that New Hampshire Hospital hamburg and potato salad as well as chicken that may have been purchased by the Security Officers were prepared in the Main Kitchen by hospital employees on hospital time.

"c. Chief Bruce Fornia testified that hospital hamburg, hospital rolls, hospital potatoes and hospital paper goods were loaded into a truck at the Main Kitchen to be taken to the Security Officers' picnic.

"d. It is the judgment of the Personnel Commission that the above three acts were done with Mr. Desmarais' knowledge and approval."

Plaintiff concedes the validity of finding "a" respecting the use of hospital services (plaintiff acknowledges that the commission did not have to resort to testimony of a witness, for the plaintiff himself testified to the use of such services in the preparation of the food). However, plaintiff points to certain respects in which the findings are allegedly in error. For example, in reference to finding "b", plaintiff notes that it was only witness Bigwood, and not witness Knapp, who characterized certain of the food as hospital food. Plaintiff's essential arguments against the commission's finding of guilt on the picnic charges are: (1) that the evidence relied upon was "puny," and (2) that, even if he did provide hospital food and services, this conduct cannot be considered wrongful in view of the undisputed evidence that the hospital on numerous occasions sanctioned the provision of food and food services to nonpatients.

Plaintiff's characterization of the evidence as "puny" is based on the contrary testimony of plaintiff and other witnesses and the fact that certain of the evidence cited by the commission is circumstantial and allegedly "weak." Plaintiff notes that the proof that the picnic hamburger was in fact hospital hamburger consisted principally of testimony that it was wrapped like hospital hamburger (as opposed to a commercial wrapping), but that there was evidence by plaintiff's witnesses indicating the hamburger had been commercially purchased.

■ We do not sit as a trier of fact in these matters. Administrative findings of fact are deemed to be "prima facie lawful and reasonable." We may not vacate the decision of the commission unless we find that it is "unjust or unreasonable." RSA 541:13. "[I]t is not the function of this court or any member of it to substitute its judgment on factual matters for the findings of the personnel commission. . . ." *McIntosh v. Personnel Comm'n,* 117 N.H. 334, 339–40, 374 A.2d 436, 440 (1977) (Kenison, C.J., concurring). "As a fact-finding tribunal, the Commission was at liberty to resolve any conflict in the evidence and to accept or reject such portions of the testimony as it saw fit. The Commission's findings and conclusions are entitled to great weight and cannot be set aside lightly. On the record before us, we cannot say that the dismissal of plaintiff's appeal was 'unjust or unreasonable.'" *Peabody v. State Personnel Comm'n,* 109 N.H. 152, 155, 245 A.2d 77, 79 (1968). (Citations omitted.)

■ Because we might give more or less weight to the inferences arising from certain facts is not a proper basis for overturning the commission's decision. We cannot second-guess the commission's implicit decision discrediting plaintiff's testimony and the testimony of those testifying in his favor. During closing argument before the commission, plaintiff's attorney summarized the picnic dispute as follows:

> [R]egarding the security staff picnic . . . this boils down
> to the question of 'who do you believe.'

We agree, and accordingly hold the evidence relied upon to be sufficient.

Plaintiff in the alternative argues that the alleged provision of food and services for the picnic should not in any event be considered wrongful since the hospital provided such amenities for many types of nonpatient gatherings. The evidence shows that food and services were regularly provided for all manner of staff meetings and for many "special occasions." However, it was generally not shown whether these various affairs had official sanction of some sort or whether the beneficiaries paid for them in some manner.

■ The hospital had no clear written guidelines as to when the provision of nonpatient food and services was proper, and over the course of the years the control of this matter by hospital authorities has been lax and susceptible to abuse. Notwithstanding these observations, it is evident that the conduct alleged here was wrongful. Employees worked under a system in which meals eaten at the hospital cafeteria were to be paid for. The planned picnic, to the extent that it drew without charge upon the hospital's food and services, constituted a meal "on the state." No such employee benefit had been officially approved or sanctioned, and those involved in preparing the picnic had no basis for concluding that the participants were somehow removed from the rule that hospital meals were to be paid for. To the extent there may have been similar instances of past misconduct, they would not render blameless the misconduct here. Therefore, it was not "unjust or unreasonable" to find that plaintiff's participation in the picnic amounted to the wrongful appropriation of state property.

■ We are mindful of the fact that plaintiff has been employed by the hospital for a period of forty-four years. However the disciplinary penalty for theft of property from the state is mandatory

discharge. Rule VIII § 3(A)(1), Rules of the Department of Personnel. Since we hold that the evidence as to the picnic charges was sufficient, plaintiff's discharge is warranted under the rules. We do not consider the merits of the other charges.

We next consider plaintiff's allegations of procedural error. His initial contention is that he was deprived of due process of law by the burden of proof rules applicable to his hearing: namely, that the state had the burden of going forward with evidence on the charges, but that the plaintiff carried the ultimate burden of proof. *See* RSA 541:13. Plaintiff's rationale is that his expectation of continued employment qualifies as a property right protected by the due process clause of the Federal Constitution, and that it is inconsistent with the procedural protection afforded this right to require him to bear the ultimate burden of proof.

■ We have previously considered and rejected this same argument. *See McIntosh v. Personnel Commission*, 117 N.H. 334, 374 A.2d 436 (1977); *Nason v. Personnel Commission*, 117 N.H. 140, 370 A.2d 634 (1977). The "extent of an employee's property interest in his employment, and consequently the degree of due process attendant upon his separation therefrom, is determined by applicable state law." *McIntosh v. Personnel Commission*, 117 N.H. at 334, 374 A.2d at 437 (1977); *see* Van Alstyne, *Cracks in "The New Property*," 62 Cornell L. Rev. 445 at 467, 483 (1977). None of our decisions have held as a matter of state law that public employment per se becomes a protected property right of the employee. The commission did not fail to follow state law in allocating the burden of proof and thus there was no incompatibility between the burden of proof rules and plaintiff's asserted property interest in his employment. In *Peabody v. Personnel Commission*, 109 N.H. 152, 155, 245 A.2d 77, 79 (1968), involving a dismissal of a classified employee for theft, the court required the state to establish the factual allegations by a mere preponderance. This is satisfied, as here, by requiring the agency to bear the initial burden of going forward to establish its operative facts, (*e.g.*, a theft) justifying the discharge, yet requiring the appellant to bear the burden of persuasion in accordance with rule VIII, section 4. *McIntosh supra* involved a section 5 *layoff* where the employee had to properly bear the burden of persuasion (not met) that it was in fact merely a pretext for a retaliatory firing. *See, e.g., Monge v. Beebe Rubber Co.*, 114 N.H. 130, 133, 316 A.2d 549, 551–52 (1974).

There is no claim for deprivation of liberty where the publicity given the stigmatizing charges is not attributable to the government. *See Bishop v. Wood,* 426 U.S. 341, 348 (1976). The plaintiff in this case has not briefed the issue of whether the personnel action taken against him amounted to a deprivation of liberty entitling him to the requisites of procedural due process, and the record before us is devoid of any such claim. We thus deem the matter waived.

Plaintiff also contends that the commission deprived him of a fair hearing through the "cumulative effect of numerous improper rulings." These alleged errors are: (1) The failure to grant plaintiff's request for sequestration of witnesses; (2) the limiting of plaintiff's inquiries into the motivation of the appointing authority in taking disciplinary action against him; (3) the failure to allow plaintiff the opportunity to rehabilitate one of his witnesses; and (4) the allowance of testimony by various witnesses as to instances of misconduct not charged in the letter of discharge.

We find no merit in these contentions. Sequestration is a matter within the discretion of the trial authority, and it cannot be said that there was an abuse of discretion here. *State v. Blake,* 113 N.H. 115, 305 A.2d 300 (1973). Evidence regarding the motivation of the appointing authority must be deemed irrelevant, given the substantial evidence of misconduct. *Nason v. Personnel Comm'n,* 117 N.H. 140, 370 A.2d 634 (1977). As for the witness rehabilitation opportunity which plaintiff was denied, we note that plaintiff hoped by this opportunity to question the witness as to the grounds for the witness' discharge from state employment. The commission is not bound by the technical rules of evidence, and we find no error in its decision not to hear the merits of this "personnel dispute within a personnel dispute."

We are more interested in the allegation that the commission allowed extensive testimony of misconduct not charged in the letter of discharge. The record is replete with such evidence, to most of which plaintiff's counsel made timely but unsuccessful objection. The state argued that virtually any evidence of misconduct was admissible, since the letter of discharge included a charge of "perversion of authority." This charge, however, was by its terms limited to "unfair [discrimination] among . . . subordinates" and was followed by three specifications of such unfair practice. The repeated introduction of these extra-discharge instances of mis-

conduct does not reflect well upon the state or the commission, both of which should realize their obligation to demonstrate fair play. However, the extraneous evidence admitted lacked probative value in its own right and was largely confined to petty matters. We are convinced that the admission of this testimony was not prejudicial to plaintiff's cause.

In view of the result reached, we have no need to deal with plaintiff's further assignments of procedural error, which involve charges relating to matters other than the picnic. Nor do we need to consider the state's suggestion that we review the evidence respecting the alleged instances of misconduct as to which the commission failed to find substantiation.

Finally, we note that the state's offer to bear half the costs of the appeal is equitable.

*Appeal dismissed.*

All concurred.