Personnel Commission
No. 80-336

### *In re* WAYNE H. BROCK

August 5, 1981

*Gregory H. Smith*, attorney general (*Andrew R. Grainger*, assistant attorney general, by brief and orally), for the Laconia State School.

*Linda L. Murtha*, general counsel, State Employees' Association of New Hampshire, Inc., and *Cleveland, Waters & Bass*, of Concord (*Ms. Murtha* and *Robert T. Clark* on the brief and *Ms. Murtha* orally), for Wayne H. Brock.

BROCK, J.   This is an appeal (RSA ch. 541) from an order of the New Hampshire Personnel Commission that reversed the decision of the Laconia State School superintendent to discharge one of the school's employees for alleged abuse of patients and failure to report incidents of patient abuse. The commission, after a hearing, found "that Wayne Brock did not himself abuse the patient in question, but he was present when [another employee] forcibly held the head of a resident under water in the course of bathing him" and failed to report the incident to the superintendent, in violation of section 6 of Laconia State School Rule No. 62878. The commission determined, however, that because the posted rules of the Laconia State School do not adequately place employees on notice that their failure to report incidents of patient abuse can result in automatic dismissal, Brock could only be suspended for four months and not discharged. We reverse.

In April 1980, Wayne Brock, a classified State employee serving in a supervisory position at the Laconia State School, was notified that his employment was terminated. The school advised him that the decision to discharge him had been made after an investigation into allegations that a patient at the school had been physically abused. According to the school, the investigation revealed that Brock had been present when another employee held a resident's

head under water for a period of time. That resident had, at an earlier time, suffered the trauma of seeing his twin brother drown. In addition to the head-dunking episode, the school alleged that Brock was aware that the same employee had also trained the resident to strike his own head on command. Because Brock had failed to report this incident of abuse, his employment was terminated in accordance with the school's posted policy rule No. 62878. This rules states in pertinent part:

"POLICY

Corporal punishment and abuse of residents either by direct intent or by neglect shall be prohibited. Abuse includes a wide variety of unacceptable employee behaviors [sic] . . . . "

. . . .

4. When it is proven that other employees observed abuse/neglect but failed to report same, appropriate disciplinary action shall be taken up to *and including* suspension or *termination.*

. . . .

6. Any matter of abuse or neglect shall be reported, in writing to the Superintendent or his/her designee within twenty-four (24) hours of the incident."

(Emphasis added.)

The New Hampshire Personnel Commission specifically ruled that, because section 6 does not expressly provide for the automatic discharge of employees who violate the requirement to report incidents of residents' abuse, Wayne Brock could not be discharged even though his conduct "constitute[d] a *very serious* neglect of [his] responsibilities as a supervisor." (Emphasis added.) Its ruling was based upon Rule VIII, Section 3-A of the Rules of the Department of Personnel, which provides that an employee may be discharged for the "[v]iolation of a posted rule that, in itself, warned of automatic discharge."

After the commission rendered its decision, the school filed a motion for rehearing pointing out that section 4 of Posted Rule No. 62878 does provide that:

"4. When it is proven that other employees observed abuse/neglect but failed to report same, appropriate disciplinary action shall be taken up to and *including* suspension or *termination."*

(Emphasis added.) The commission considered this argument but refused to change its decision because it was of the opinion that

section 4 "does not warn of automatic discharge since less severe forms of disciplinary action are contemplated." After the commission issued its final order, the school appealed to this court. RSA 541:6.

Our task on appeal is to determine whether the commission's decision that Rule No. 62878 does not provide for automatic discharge is clearly unreasonable or unlawful. RSA 541:13.

The specific provision of posted Rule No. 62878 at issue states:

> "When it is proven that other employees observed abuse/neglect but failed to report same, *appropriate disciplinary action shall be taken* up to and *including* suspension or *termination.*"

(Emphasis added.) Only a casual reading of this provision is required for one to determine that employees who fail to report resident abuse are subject to termination. Section 4 of Rule No. 62878 clearly provides that employees who fail to report resident abuse may be terminated. We hold that the commission's ruling that section 4 does not in itself warn of automatic discharge is clearly erroneous as a matter of law and, accordingly, we remand the case to the personnel commission for further proceedings consistent with this opinion and with the duty that the State assumes in the protection, safekeeping, and humane treatment of citizens of this State who are presently residents at the Laconia State School.

*Reversed and remanded.*

BATCHELDER, J., did not sit; the others concurred.