Personnel Commission
No. 80-416

## APPEAL OF WILLIAM GOLDING AND ROBERT WASHBURN
## (New Hampshire Personnel Commission)

December 8, 1981

*Linda L. Murtha,* general counsel for the State Employees' Association of New Hampshire, Inc., by brief and orally, for the plaintiffs.

*Gregory H. Smith,* attorney general (*Marc R. Scheer,* assistant attorney general, on the brief and orally), for the New Hampshire Crime Commission.

PER CURIAM. The question presented in this case is whether the New Hampshire Personnel Commission acted reasonably in deciding that the New Hampshire Crime Commission properly offered an executive position to persons not employed by the crime commission, thereby denying the position to the plaintiffs, both internal personnel. Plaintiffs petitioned this court for a writ of certiorari. We affirm.

Plaintiff William Golding was an employee of the crime commission from February 1975 until recently, when he was laid off because of the pending dissolution of the crime commission. Initially, he held the position of chief planner. Later, he assumed the position of project manager for the Offender Based State Cor-

rections Information System (OBSCIS) project, but when the OBSCIS grant expired in June 1980, he assumed the position of program coordinator and planner. Plaintiff Robert Washburn was employed at the crime commission from September 1972 until recently when he too was laid off. At all times, Robert Washburn held the position of business administrator.

On March 19, 1980, the crime commission posted a notice seeking applications for the vacant position of assistant director, fiscal grants management. The plaintiffs and two other employees of the crime commission submitted applications by the posted deadline of March 25, 1980. Despite their refusal to waive promotional preference given to internal applicants, the plaintiffs received letters from the crime commission rejecting their applications. Subsequently, the crime commission advertised the vacant position in the Concord Monitor and finally awarded the position to an outside applicant.

The plaintiffs appealed their rejections by the crime commission to the personnel commission and received a hearing on August 22, 1980. The personnel commission heard testimony from three crime commission executives that the plaintiffs' job performances were deficient and that they did not possess skills or personal characteristics consistent with the vacant position's requirements. The plaintiffs testified in an attempt to rebut the executives' contentions. Although the personnel commission was not persuaded that the plaintiffs' job performances were inadequate, it upheld the crime commission's authority to award the vacant job to a person outside the commission. After the personnel commission denied their requests for a rehearing, the plaintiffs timely appealed the decision to this court.

■■ The defendant argues that the plaintiffs did not file a timely appeal. Because the plaintiffs have no statutory right of appeal under RSA 98:15, the plaintiffs have appealed to this court by petitioning for certiorari. See RSA 490:4 (Supp. 1979). The plaintiffs' appeal therefore is not strictly governed by the thirty-day limit in RSA 541:6, cf. Tasker v. N.H. Personnel Comm'n, 115 N.H. 204, 208, 338 A.2d 543, 546 (1975), but rather the "reasonable time" restriction of RSA 490:4 (Supp. 1979). See Wilson v. Personnel Comm'n, 117 N.H. 783, 784, 378 A.2d 1375, 1377 (1977). This court, however, has used the thirty-day limit as a guideline for appeals by certiorari. Id. at 784, 378 A.2d at 1377; see Wood v. General Elec. Co., 119 N.H. 285, 288–89, 402 A.2d 155, 157 (1979); cf. Dearborn v. Town of Milford, 120 N.H. 82, 85, 411 A.2d 1132, 1134 (1980). We conclude that although the plaintiffs erroneously

applied for a rehearing by the personnel commission, because the personnel commission acted on the request by rejecting it, the plaintiffs' appeals to this court within thirty days of the denial of rehearing were timely. *See Petition of Gorham School Bd.*, 121 N.H. 878, 880, 436 A.2d 74, 76 (1981).

■ The defendant also argues that this court should not decide the issues presented in this case because the issues are moot. We disagree. Although the legislature has ordered the crime commission dissolved by June 1982, the dissolution is conditioned upon the unavailability of federal funds. Laws 1981, 358:1 (effective July 1, 1981, passed June 23, 1981). If no federal funds become available, a decision in favor of the plaintiffs would not benefit them because the job they seek will not exist. If federal funds become available, however, our decision will affect the legal rights of the parties. *See Dolcino v. Thalasinos*, 114 N.H. 353, 354, 321 A.2d 107, 108 (1974). *See generally Littlefield v. N.H. Interscholastic Athletic Ass'n*, 117 N.H. 183, 185, 370 A.2d 645, 646 (1977); *Timberlane Regional Educ. Ass'n v. State*, 115 N.H. 77, 79, 333 A.2d 713, 714 (1975). For that reason, we will consider the merits of the plaintiffs' case.

■ The standard of review on certiorari is whether the personnel commission acted illegally, or whether the findings of the commission were unreasonable and unsupported by the evidence. *See Petition of Gorham School Bd.*, 121 N.H. 878, 880, 436 A.2d 74, 76 (1981) (quoting *Melton v. Personnel Comm'n*, 119 N.H. 272, 280, 401 A.2d 1060, 1065 (1979)) (citations omitted); *Tasker v. N.H. Personnel Comm'n*, 115 N.H. 204, 206, 338 A.2d 543, 544 (1975). We cannot find that the personnel commission erroneously applied Rule II, Section 3, which states that "a vacancy shall be filled whenever possible and reasonable by promotion of a *qualified* permanent employee from within the department or agency." (Emphasis added.)

■■ The plaintiffs argue that the term "qualified" is merely a term used by the department of personnel to describe permanent State employees. We disagree. Rather, the term "qualified" refers to the professional and personal qualifications of applicants to fill a vacant position. *See Melton v. Personnel Comm'n*, 119 N.H. at 278, 401 A.2d at 1064. Although this court in *Melton* could not mandate the policy of hiring the *best* qualified person, the decision indicated that to exclusively "promote from within" was not required if the existing personnel were not as qualified. *Id.* at 278–79, 401 A.2d at 1064–65. In *Melton* this court made reference to a commission ruling in the *Wayne Brock Promotional Appeal* (January 4, 1978) in

which evidence was presented indicating that the internal applicants did not possess the skill or personal characteristics necessary for promotion. *Melton v. Personnel Comm'n*, 119 N.H. at 279, 401 A.2d at 1064. In this case, the commission heard similar evidence concerning the internal applicants' lack of qualifications for promotion to the position at issue. For that reason, the personnel commission was justified in holding that the crime commission was not obligated under Rule II, Section 3, to promote the plaintiffs.

■ The plaintiffs argue that because the personnel commission did not find their job performances inadequate, it was required to order promotion. We disagree. The commission's findings must be given weight. *Melton v. Personnel Comm'n*, 119 N.H. at 280, 401 A.2d at 1065 (quoting *Morse v. Personnel Comm'n*, 117 N.H. 525, 528, 374 A.2d 1176, 1178 (1977)). Because of the evidence presented by the executives of the crime commission concerning the plaintiffs' professional and personal characteristics, we conclude that although the personnel commission did not find the plaintiffs' job performances inadequate, by upholding the crime commission it implicitly found that the plaintiffs were not qualified for promotion. *See Desmarais v. State Personnel Comm'n*, 117 N.H. 582, 587, 378 A.2d 1361, 1363 (1977). The commission's finding was supported by the evidence and was reasonable. *See Melton v. Personnel Comm'n*, 119 N.H. at 280, 401 A.2d at 1065 (quoting *Wilson v. State Personnel Comm'n*, 118 N.H. 424, 426, 387 A.2d 1160, 1161 (1978)) (citations omitted).

■ Finally, the plaintiffs argue that the crime commission did not meet its burden of going forward with evidence of the plaintiffs' lack of qualifications for promotion. We disagree. The crime commission sustained its burden, *see Desmarais v. State Personnel Comm'n*, 117 N.H. at 588, 378 A.2d at 1364, which was to prove the plaintiffs' inadequacies by a preponderance of the evidence. *Peabody v. State Personnel Comm'n*, 109 N.H. 152, 155, 245 A.2d 77, 79 (1968). Although the personnel commission found that "much of this evidence [produced by the crime commission] was rebutted by the appellants [plaintiffs]," the personnel commission did not find that the plaintiffs had successfully rebutted enough evidence to cause the crime commission to fail in its attempt to show that the plaintiffs were not qualified for promotion.

For the foregoing reasons, we find that the personnel commission acted lawfully and that its findings were reasonable and supported by the evidence.

*Petition dismissed.*