Personnel Commission
No. 81-218

### APPEAL OF DENNIS BATCHELDER
### (New Hampshire Personnel Commission)

April 7, 1982

*Linda L. Murtha*, general counsel, the State Employees' Association of New Hampshire, Inc., by brief and orally, for the plaintiff.

*Gregory H. Smith*, attorney general (*Ronald F. Rodgers*, attorney, on the brief and orally), for the State of New Hampshire.

KING, C.J.   The plaintiff appealed to this court pursuant to RSA 541:6, after the personnel commission denied his motion for a rehearing of its April 17, 1981, decision upholding the plaintiff's suspension from his job at the New Hampshire State Prison. We find that the suspension of the plaintiff was based on an arbitrary and unreasonable procedure, and, therefore, we reverse the commission's decision.

The facts leading up to the plaintiff's suspension are as follows. The plaintiff, Dennis Batchelder, is a captain at the New Hampshire State Prison. On January 23, 1981, the plaintiff arrived late for a meeting at which his presence was required. Consequently, his supervisor requested that the plaintiff come to his office after the meeting. Because the plaintiff claimed that he could not find the supervisor in his office, he left the prison without speaking to him. Although disciplinary action was considered, no action was taken.

On October 2, 1980, the plaintiff's supervisor had distributed a

memorandum which stated that prior approval from him was necessary before any person went on compensated leave. The plaintiff presented a written request for two weeks annual leave in April 1981 and for leave on March 10, 1981, and March 16, 1981. The supervisor verbally denied the request for one of the two weeks leave in April. No mention of the request for March 10 and March 16 was made, and the plaintiff was absent from work on those two days. Partly as a result of his absence, the plaintiff was suspended without pay for one week.

The personnel commission found that the plaintiff's suspension was justified by three incidents of insubordination: his failure to arrive at the January 23 meeting on time; his failure to meet with his supervisor after the meeting; and his absence without permission on March 16. We assume that the commission's findings of fact are prima facie lawful and reasonable. RSA 541:13. Nevertheless, we hold that the decision to uphold the plaintiff's suspension was improper.

■  We conclude that the commission's interpretation of its rules as allowing the pyramiding of offenses as the basis for suspension was lawful. Although the rules could be interpreted as forbidding this practice, *see* Rules of the Department of Personnel, Rule VIII, §§ 3 C (a)–(g), Rule VIII, § 1 allows a supervisor broad discretion in determining under what circumstances to order suspension. *See Nason v. N.H. Personnel Comm'n*, 117 N.H. 140, 143, 370 A.2d 634, 637 (1977). The commission, therefore, did not act unlawfully when it determined that the plaintiff's supervisor had discretionary power under Rule VIII, § 1 to suspend him.

■  We accept the commission's finding that the plaintiff disobeyed orders to attend the meeting of January 23 and to appear in his supervisor's office after that meeting. Although conflicting testimony was presented at the hearing regarding these issues, the weight and credibility of the evidence should be determined by the commission. *Nason v. N.H. Personnel Comm'n*, 117 N.H. at 143, 370 A.2d at 637. There is sufficient evidence in the record to support the commission's finding on both issues. *See Melton v. Personnel Comm'n*, 119 N.H. 272, 280, 401 A.2d 1060, 1065 (1979).

■  We disagree with the commission's finding that the plaintiff's leave was unauthorized. The procedure by which prison employees sought and obtained permission for leave was sufficiently arbitrary to require a reversal of the plaintiff's suspension. *See Morse v. Personnel Commission*, 117 N.H. 525, 527, 374 A.2d 1176, 1178 (1977). The memorandum distributed by the supervisor

indicated that prior approval was necessary before an employee could take leave, but it did not set forth the procedure by which to seek permission. The memorandum was also silent regarding the process by which approval would be granted. The plaintiff, therefore, was justified in assuming that the absence of a denial of his request for leave was equivalent to an approval.

■■ Accordingly, the commission's finding that the plaintiff's leave was unauthorized was unreasonable as a matter of law. A uniform procedure for processing requests for leave and for granting or denying leave should be promulgated to insure that parties in the future will be treated fairly. *See Appeal of Behavior Science Institute*, 121 N.H. 928, 935, 436 A.2d 1329, 1333 (1981). For the reason indicated, the plaintiff's suspension should be removed from his record, and the plaintiff should be awarded full pay for the week of suspension.

*Reversed.*

All concurred.