Personnel Commission
No. 84-024

## PETITION OF NEW HAMPSHIRE DIVISION OF STATE POLICE
### (New Hampshire Personnel Commission)

February 13, 1985

*Gregory H. Smith*, attorney general (*Douglas L. Patch*, assistant attorney general, on the brief and orally), for the Division of State Police.

*The State Employees' Association of New Hampshire, Inc. (William P. Briggs* on the brief and orally), for Trooper Carl Erickson.

KING, C.J. The New Hampshire Division of State Police petitioned that a writ of certiorari issue to the New Hampshire Personnel Commission, Promotion Appeal Tribunal, concerning a decision by the appeal tribunal on December 16, 1983. The appeal tribunal issued findings and ordered that New Hampshire State Trooper First Class Carl Erickson be awarded a promotion to the next available corporal vacancy within the division of State police. On January 6, 1984, the appeal tribunal denied the petition by the division of State police for a rehearing of the appeal tribunal's decision. We reverse the appeal tribunal's order.

On April 19, 1983, ninety-four New Hampshire State Troopers took a written examination administered through the New Hampshire Personnel Department for promotion to the position of corporal. At the time he took that examination, Trooper Erickson had approximately ten years' experience with the division of State police. Trooper Erickson tied for second highest score on the written examination and, based on the examination scores, was selected as one of the top eleven candidates. He and the other ten candidates were interviewed by a board of three officers selected by the director of the division of State police to interview the candidates for the five available corporal positions. Trooper Erickson's name was not among the five posted as receiving a promotion to corporal.

On September 19, 1983, the Director of Field Operations of the New Hampshire State Employees Association, on behalf of Trooper Erickson, made a written request for the reasons that Trooper Erickson was not selected for a corporal's position. Colonel Paul F. O'Leary, Director of the Division of State Police, replied by letter to

Trooper Erickson on October 14, 1983, stating that Trooper Erickson was not selected because his "capacity for the position was not at the level of those selected."

Trooper Erickson next appealed to the appeal tribunal the division's decision not to promote him, pursuant to New Hampshire Personnel Commission Rules, Per. 302.03(f). On December 14, 1983, a hearing was held before the appeal tribunal. Major Campbell testified on behalf of the division at that hearing. He stated that based upon an interview with Trooper Erickson and also upon discussions with Trooper Erickson's superiors, the three-member board concluded that Trooper Erickson lacked tact in dealing with people and that he did not command the respect of his peers. Testimony was also presented by Major Campbell indicating that Trooper Erickson had had eighteen complimentary letters and sixteen letters of complaint during the course of his career with the division. This was a higher ratio of complaints to compliments than that of the five candidates selected for promotion to corporal. Although none of the complaints had led to any formal or written discipline of Trooper Erickson and none was ever substantiated, the fact that a number of people had complained was a factor considered by the board.

The division of State police objects on two grounds to the appeal tribunal's decision to order the promotion of Trooper Erickson. The division claims: (1) that the tribunal's factual findings were erroneous and unsupported by the record; and (2) that the tribunal acted contrary to the law when it ordered Trooper Erickson's promotion.

Following the December 14, 1983 hearing, the appeal tribunal made five factual findings: (1) since Trooper Erickson was never apprised of his deficiencies he had every reason to expect a promotion; (2) there were no letters of warning or reprimands from the division in his personnel file; (3) he was unable to adjust or eliminate any of the issues raised by the appointing authority; (4) the State police failed to provide the appeal tribunal with specific examples of his alleged deficiencies; and (5) based on a November, 1982, letter from Major Campbell to Trooper Erickson, the trooper had reason to believe there were no "blackmarks" against him.

In reviewing the appeal tribunal's factual findings on petition for writ of certiorari, this court must determine whether the findings "were unreasonable or unsupported by the evidence." *Appeal of Golding*, 121 N.H. 1055, 1058, 438 A.2d 292, 294 (1981); *Melton v. Personnel Comm'n*, 119 N.H. 272, 280, 401 A.2d 1060, 1065 (1979). We are mindful that in reviewing such findings we must not "substitute our judgment for that of the commission or make findings de novo." *Wilson v. State Personnel Comm'n*, 118 N.H. 424, 426,

387 A.2d 1160, 1161 (1978). After a review of the record before the appeal tribunal in this case, however, we are forced to set aside one of the five findings because it is not supported by the record.

The appeal tribunal's fourth finding was that the division "failed to provide the tribunal with any specific examples of Trooper Erickson's alleged deficiencies." Testimony was presented at the December 14, 1983, hearing by Major Campbell indicating that the three-member board had found, based upon the interview and conversations with his supervisors, that Trooper Erickson lacked tact in dealing with people and did not command the respect of his peers.

Although the appeal tribunal was entitled to determine the credibility of the witness testifying, *Appeal of Batchelder*, 122 N.H. 362, 364, 444 A.2d 562, 564 (1982); *Nason v. N.H. Personnel Comm'n*, 117 N.H. 140, 143, 370 A.2d 634, 637 (1977), a finding that no evidence had been submitted is erroneous. Therefore, we hold that the appeal tribunal's fourth finding, that no evidence was provided by the division, is unsupported by the record and must be set aside.

The division of State police also argues that the tribunal acted unlawfully when it ordered that Trooper Erickson be awarded the next available corporal's position. In order to determine whether the appeal tribunal's action was proper, we must examine the criteria applied by the division when selecting troopers for promotion to the corporal position, as well as the New Hampshire Personnel Commission's regulations governing promotions from within State departments.

The three-member board, designated by the director of the division to assess the relative capacities of the candidates for corporal, had to consider the broad duties of a corporal. These duties as specified by the division's guidelines included: the independent judgment and resourcefulness required in collecting and preserving evidence obtained during investigations; the ability to determine procedures to apprehend and arrest suspects; the ability to perform interviews and interrogations; and the ability to adopt and modify methods of crime prevention and detection programs. According to the division's guidelines, a corporal makes frequent contacts with the general public and other governmental law enforcement agencies in conducting arrests and investigations, develops informational sources and prepares cases. A corporal must also appear in court as a prosecutor and a witness in traffic violation and criminal cases.

Based on the recommendations of the three-member board, the director of the division of State police selected five applicants for promotion to the position of corporal between May and September of 1983. Trooper Erickson was among the six applicants who were

interviewed by the board but not promoted. Major Campbell presented evidence before the appeal tribunal that Trooper Erickson's capacity for the position was not on a level with the five candidates who were selected, because he lacked certain personal and professional qualifications in comparison to the five who were selected.

■ Our review of a decision of law by the personnel commission's appeal tribunal must consider "whether the commission has acted illegally in respect to jurisdiction, authority, or observance of the law, thereby arriving at a conclusion which could not legally or reasonably be made." *George v. N.H. Dep't. of Educ.*, 122 N.H. 434, 435, 445 A.2d 1131, 1132 (1982) (citing *Tasker v. N.H. Personnel Comm'n*, 115 N.H. 204, 206, 338 A.2d 543, 544 (1975)).

Under the personnel commission's rules, "[i]f the appointing authority finds certain professional and personal qualifications lacking in even ostensibly qualified candidates for promotion, employees may be denied promotion." NEW HAMPSHIRE PERSONNEL COMMISSION RULES, Per. 302.03(b)(2). The rules further provide that "[i]t is the prerogative of the appointing authority to give such weight to an employee's job performance as he deems appropriate when considering the employee for appointment to a vacancy." *Id.* at Per. 302.03(b)(1).

■■ "The law of this State is well settled that an administrative agency must follow its own rules and regulations." *Appeal of the City of Nashua*, 121 N.H. 874, 876, 435 A.2d 1126, 1127–28 (1981); *Colburn v. Personnel Comm'n*, 118 N.H. 60, 63, 382 A.2d 907, 909 (1978). We have also held that an agency's interpretation of its own regulations is erroneous as a matter of law when it fails to embrace the plain meaning of its regulations. *See In re Wayne H. Brock*, 121 N.H. 662, 664, 433 A.2d 1275, 1277 (1981).

■■ The personnel commission regulations expressly allow an appointing authority to refuse to promote a candidate, *supra* at Per. 302.03(b)(2), and this court has held that agencies are not obligated to promote under this regulation when there are other more qualified candidates. *Appeal of Golding*, 121 N.H. 1055, 1059, 438 A.2d 292, 295 (1981). Further, mere proof that the job performance of a candidate is adequate does not provide a basis for requiring an agency to promote that candidate to a higher level position. *Id.*

To require the division of State police to promote Trooper Erickson, despite the three-member board's assessment that he lacked certain professional and personal qualifications, would encroach on the division's necessary prerogative in selecting candidates for a limited number of available positions. *See* NEW HAMPSHIRE PERSONNEL COMMISSION RULES, Per. 302.03(b)(1).

 The tribunal's findings that Trooper Erickson was never apprised of his deficiencies, or given letters of warning so that he could adjust or eliminate those deficiencies, cannot provide a legal basis for guaranteeing him a promotion. Nowhere in the personnel commission's regulations concerning promotion from within a department or agency, nor in our case law interpreting those regulations, is there a requirement that a candidate be apprised of deficiencies prior to the selection process for promotions. There is also no entitlement to promotion based upon adequate performance at a lower level position. *See Appeal of Golding*, 121 N.H. at 1059, 438 A.2d at 294. The denial of Trooper Erickson's promotion by the division of State police was within the prerogative granted to it under the personnel commission's regulations and was consistent with the criteria allowed by those regulations. NEW HAMPSHIRE PERSONNEL COMMISSION RULES, Per. 302.03(b)(1) and 302.03(b)(2). Therefore, the appeal tribunal's decision did not comply with the commission's own rules and must be reversed.

 The division of State police met its burden of production before the appeal tribunal by producing testimony of the professional and personal deficiencies of Trooper Erickson found by its three-member selection board. *See Desmarais v. State Personnel Comm'n*, 117 N.H. 582, 588, 378 A.2d 1361, 1364 (1977). Major Campbell's testimony established that the board found that Trooper Erickson lacked tact and did not command the respect of his peers. Trooper Erickson did not sustain his burden of persuasion by a preponderance of the evidence that he was more qualified than the five candidates who were selected for the vacancies. *Id.*

Having reversed the appeal tribunal's decision as contrary to the law, we need not address the jurisdiction of the appeal tribunal to place restrictions upon future independent lists of candidates for promotion.

Accordingly, we grant the division's petition, set aside the appeal tribunal's fourth finding and reverse the tribunal's order to promote Trooper Erickson to the next available corporal's position.

*Petition granted.*

All concurred.