Original
No. 84-432

**PETITION OF THE STATE EMPLOYEES' ASSOCIATION
OF NEW HAMPSHIRE, INC. & a.**

(New Hampshire Personnel Commission)

August 7, 1985

*Clark, Cook & Molan P.A.*, of Concord (*Robert T. Clark* on the brief and orally), for the petitioners.

*Stephen E. Merrill*, attorney general (*David S. Peck*, assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J.  This petition for certiorari has been brought by the State Employees' Association of New Hampshire, Inc., and two individual employees, Thomas J. Goulette and Elizabeth Hamlin-Morin. The petition alleges that the respondent New Hampshire Personnel Commission acted illegally or unreasonably or abused its discretion in declining to certify the petitioners' classification and compensation appeal as a class action. Petitioners seek an order from this court that the appeal before the commission may proceed as a class action. For the reasons which follow, we dismiss the petition.

The substantive issue in this case involves classifications of the State's "academic employees" and differences in pay scales for those classifications. This issue has had a lengthy and complicated history before the New Hampshire Personnel Commission, the New Hampshire Public Employee Labor Relations Board, the legislature and this court. *See State Employees' Ass'n v. Lang*, 119 N.H. 637, 406

A.2d 702 (1979); *Slayton v. Personnel Comm'n*, 117 N.H. 206, 371 A.2d 1159 (1977).

Petitioners alleged in their appeal to the personnel commission that the appeal was brought on behalf of all past and present academic employees: (a) who now are or formerly were paid under several salary codes; or (b) who now are or formerly were paid under several salary codes and are or were either employees in a bargaining unit represented by SEA or members of SEA, or both. The appeal involved academic employees in four State agencies: the New Hampshire Department of Education, the New Hampshire Department of Health and Welfare, the New Hampshire State Prison and the New Hampshire Youth Development Center. The appeal alleged that the personnel commission had classified academic employees in these four agencies based on the date that each employee had been hired, and that they were paid differently for equal work depending on that classification.

Specifically, the appeal alleged that those employees hired after September 2, 1975, and before December 1, 1976 (denominated Group B and receiving a middle level of pay), and those hired after December 1, 1976 (denominated Group C and receiving the lowest level of pay), received less pay for similar work than those hired on or before September 2, 1975 (denominated Group A). The named plaintiffs alleged that they would represent the classes whose interests they propounded, and otherwise alleged the requisites of a class action in their complaint.

The personnel commission, after a hearing, dismissed the class action on August 16, 1984, stating in substantive part that "[t]he Commission finds that absent clear authority, the Commission cannot grant class action status." By petition dated September 17, 1984, petitioners sought certiorari, and we accepted the case for review.

The question before us is whether the personnel commission "has acted illegally in respect to jurisdiction, authority or observance of the law, thereby arriving at a conclusion which could not legally or reasonably be made." *Tasker v. N.H. Personnel Comm'n*, 115 N.H. 204, 206, 338 A.2d 543, 544 (1975).

We have clearly recognized the class action as a viable procedural device in the courts of this State to prevent useless litigation and a multiplicity of needless suits and to secure the ends of justice and administrative convenience. *See State Employees' Ass'n of N.H. v. Belknap County*, 122 N.H. 614, 623, 448 A.2d 969, 973–74 (1982). While these same principles highly commend the use of class actions in administrative proceedings in this State, they are not dispositive of this case.

■ We need not decide in this case whether the personnel commission *may* or *may not* adopt a class action procedure. RSA 98:14 empowers the personnel commission to adopt such reasonable rules of procedure as it deems advisable for the conduct of hearings before it. Given the commission's order in this case, "absent clear authority, the Commission cannot grant class action status," we cannot say whether the commission felt that it lacked *authority* to adopt a class action rule or merely lacked an operative class action rule. Regardless of this ambiguity, we find no statutory or constitutional authority *compelling* the commission to authorize class actions, and therefore we cannot say that its decision was illegal or unreasonable. *See Massachusetts Elec. Co. v. Massachusetts Comm'n Against Discrimination*, 375 Mass. 160, 176–77, 375 N.E.2d 1192, 1203 (1978); *Sullivan v. Commissioner of the Insurance Department*, 48 Pa. Commw. 11, 408 A.2d 1174 (1979).

■ While the decision whether to adopt a class action rule and associated procedures is committed to agency discretion, that discretion must be properly exercised so that the agency provides fair, orderly, and expeditious resolution of matters committed to it.

■ Thus, for example, while an agency may not be required to adopt a class action rule, an agency may not wantonly neglect or refuse to consolidate individual cases and to permit counsel to appear on behalf of all such similarly situated claimants where such a procedure would best discharge the agency's function and remedy the grievance or grievances alleged. *See* N.H. CONST. pt. I, art. 14. Further, denial of class action status in this case should not be used by the personnel commission to deny otherwise valid remedies to employees of these propounded classes. The goal of the commission ought to be to compensate our State's employees fairly and in accordance with the law, whether that appropriate level of compensation is determined in a class action or in an individual appeal having much broader application.

*Petition dismissed.*

All concurred.