Labor Commissioner
No. 80-276

WILLIAM COOPER

v.

ROY M. WRIGHT, INC.

March 11, 1981

*James A. Connor*, of Manchester, by brief and orally, for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.*, on the brief and orally), for the defendant.

BOIS, J.   On July 3, 1977, the plaintiff, while in the employ of the defendant corporation, injured his left eye in an industrial

accident. Workmen's compensation benefits were awarded for a temporary total disability.

A dispute arose as to the percentage of permanent loss to the left eye under RSA 281:26. At a hearing before the deputy labor commissioner, the only medical evidence submitted was the attending physician's assessment of a 30% loss of vision in the left eye. By decision of the commissioner, dated November 14, 1978, the claimant-plaintiff was given an award for a 30% permanent partial disability of the left eye.

On December 5, 1978, the plaintiff appealed the commissioner's decision to the superior court. The defendant moved to dismiss for lack of jurisdiction. Pending a decision on the motion, which was acted upon on May 7, 1980, various events took place.

The plaintiff was examined by a local physician and on January 24, 1980, a copy of the doctor's report was mailed to the commissioner in support of a request for rehearing with respect to the November 14, 1978, decision. By letter dated February 4, 1980, the commissioner declined to amend the decision and denied the request for a rehearing. On May 16, 1980, the same physician's report was submitted to the commissioner with a renewal of the request to reconsider and review the 1978 decision. This second request was denied on May 22, 1980.

On September 20, 1979, the deposition of the attending physician was taken. On April 23, 1980, the local examining physician was deposed. These depositions were never submitted to the commissioner or to the superior court.

In granting the motion to dismiss, the court ruled as follows:

"Defendant has moved to dismiss for lack of jurisdiction under RSA 281:37. The only issue before the court, as counsel have agreed, is extent of partial permanent disability. In light of RSA 281:26 IV motion is granted subject to exception. *See Dodier v. Dept.*, 117 N.H. 315 (1977). No request has been made to treat petition as petition for writ of certiorari at this time."

Subsequent to the court's granting of the defendant's motion to dismiss and the commissioner's refusal, on May 22, 1980, to reconsider and review the November 14, 1978, decision, the plaintiff on June 17, 1980, filed an appeal in this court under our Rule 7. The notice of appeal designates the commissioner's May 22, 1980, refusal to reconsider and review as the decision appealed from. He

objects, in this pleading, to the finding of the deputy labor commissioner as to the percentage of loss and requests this court to review "the records and the depositions."

RSA 281:26 IV makes the determination of the labor commissioner final, and, as no appeal is provided for by the statute, the courts lack jurisdiction to entertain an appeal from a permanent partial disability award. *Dodier v. State Dep't of Labor*, 117 N.H. 315, 317, 373 A.2d 341, 342 (1977). We therefore fail to see how an *appeal* from the commissioner's May 22, 1980, denial can properly be before us. Certiorari, however, is a proper remedy, although, as we have held, on certiorari the courts cannot make de novo findings or revise those made by commissions or commissioners. *Id.*

In the interest of judicial economy, we choose to consider the plaintiff's requested "appeal" as a petition for certiorari and to consider the limited question open to us on such a petition. We have reviewed the record before us, including the depositions, and hold that it would not support a finding that the commissioner acted illegally with respect to jurisdiction, authority or observance of the law, whereby he arrived at a conclusion which could not legally or reasonably be made, or that he has abused his discretion or acted arbitrarily, unreasonably, or capriciously. *Jeannont v. N.H. Personnel Comm'n*, 118 N.H. 597, 601, 392 A.2d 1193, 1195 (1978); *Wilson v. State Personnel Comm'n*, 118 N.H. 424, 426, 387 A.2d 1160, 1161 (1978); *Slayton v. Personnel Comm'n*, 117 N.H. 206, 208, 371 A.2d 1159, 1161 (1977); *Tasker v. N.H. Personnel Comm'n*, 115 N.H. 204, 206, 338 A.2d 543, 544 (1975).

*Petition dismissed.*

All concurred.