Original
No. 82-122

### PETITION OF THE DEPENDENTS OF
### THOMAS DORAN

June 17, 1983

*Boynton, Waldron, Doleac, Woodman & Scott P.A.*, of Portsmouth (*David K. Fulton* and *William G. Scott* on the brief, and *Mr. Scott* orally), for the dependents of Thomas Doran.

*Kelliher & Clougherty*, of Manchester (*Thomas W. Kelliher* on the brief and orally), for Claremont Paper and Liberty Mutual Insurance Company.

BROCK, J.    This is a petition for a writ of certiorari challenging a denial by the deputy labor commissioner of a workers' compensation claim under RSA 281:26. We grant the petition and remand.

On November 22, 1977, Thomas Doran, now deceased, was injured on the job when his right foot was run over by a forklift. He promptly received medical treatment and was paid temporary total disability compensation by the defendants from November 23, 1977, to July 4, 1978. On March 12, 1981, Mr. Doran underwent an operation on his foot and again received temporary total disability payments from March 11, 1981, to July 7, 1981. He subsequently returned to work, although he remained permanently and partially disabled. After his injury had stabilized, but prior to any adjudication of the percentage of his permanent disability, Mr. Doran died of unrelated causes on August 3, 1981. The surgeon who performed Mr. Doran's operation in March, 1981, issued a report on September 15, 1981, which stated that, had Mr. Doran survived, his foot would have been at least thirty-five percent permanently disabled.

Mr. Doran's wife brought an action on November 23, 1981, on behalf of herself and the couple's dependent son, to recover the amount of the scheduled permanent impairment award to which they were entitled under the version of RSA 281:26, V existing at the time of Mr. Doran's injury. *See* Laws 1973, 481:10. Mr. Doran's employer contested the claim through its insurance carrier, and argued that RSA 281:26, V, as amended in 1979, applied to the action and barred any recovery. As amended, RSA 281:26, V (Supp. 1981) provides that "[t]he balance of unpaid weekly scheduled award shall, upon the death of the employee, be void."

A hearing was held before the deputy labor commissioner, who denied the claim. The deputy labor commissioner agreed with the employer and the insurance carrier, ruling that

"[r]elative to the question as to whether the laws of 1977 prevail or the laws of 1981, it is determined that the laws in effect at the time of the determination of Permanent Partial Disability [in September 1981] would prevail and in this case Section V provides no award be paid upon the death of the employee and such award shall be void and where there were no payments being made, there is none due."

Because RSA 281:26 provides no right of direct appeal from workers' compensation determinations, this petition was brought for a writ of certiorari. *See Cooper v. Roy M. Wright, Inc.*, 121 N.H. 181, 183, 427 A.2d 51, 52 (1981).

■ We note at the outset that the standard of review on petitions for certiorari is more limited than on direct appeal. "The test to determine whether to grant a writ of certiorari is whether the 'agency has acted illegally in respect to jurisdiction, authority or observance of the law . . . or has abused its discretion or acted arbitrarily, unreasonably or capriciously.'" *Wilson v. Personnel Comm'n,* 118 N.H. 424, 425–26, 387 A.2d 1160, 1161 (1978) (citations omitted) (quoting *Slayton v. Personnel Comm'n,* 117 N.H. 206, 208, 371 A.2d 1159, 1161 (1977)); *see also Petition of Gorham School Board,* 121 N.H. 878, 880, 436 A.2d 74, 76 (1981).

In support of the deputy labor commissioner's decision, the employer and insurance carrier rely upon RSA 281:26, III which states, in part, that: "Payment of the scheduled award becomes due upon prompt medical disclosure regarding the loss or loss of use of the member of the body. . . ." They argue that because the full extent of Mr. Doran's loss was not conclusively determined until the surgeon issued his report two years after the statute was amended, Mr. Doran's rights under the statute did not arise until that date. We disagree.

■■ The statutory provision cited, RSA 281:26, III, is inapposite here because it determines only when *payment* becomes due, not when a worker's *rights* accrue. Our opinion in *Ranger v. N.H. Youth Dev. Center,* 117 N.H. 648, 377 A.2d 132 (1977), construing this statutory provision, stands only for the proposition that *where injury and loss occur years apart,* a worker's rights accrue and the amount of the award should be determined as of the date of the loss. *Id.* at 651, 377 A.2d at 134.

■ We believe that RSA 281:26, II (Supp. 1981) governs the case at hand. In both its original and amended versions, RSA 281:26, II (Supp. 1981) plainly states that:

> "[S]cheduled awards under this section *accrue* to the injured employee *simply by virtue of the loss* or loss of the use of a member of the body, there being conferred upon the employee a right which is separate and independent of the rights provided by RSA 281:23 and 25."

(Emphasis added.) The above provision substantially parallels the long-standing rule in New Hampshire that "the rights and liabilities between the parties in a workmen's compensation case are determined by the law in effect *on the date of the accident." Lessard v. City of Manchester Fire Dep't,* 118 N.H. 43, 47, 382 A.2d 365, 367 (1978) (emphasis added) (citations omitted).

In the case at bar, Mr. Doran's injury and loss occurred *simultaneously* in 1977; it was only the medical determination of the full extent of that loss which occurred after RSA 281:26, V was amended. Thus, it is clear that Mr. Doran's right to the award *accrued* at the time he was injured, and that the statute in effect at the time of Mr. Doran's loss through injury governs the respective rights and responsibilities of the parties.

We hold, in conclusion, that the deputy labor commissioner erred when he applied RSA 281:26, V (Supp. 1981), as amended, to this workers' compensation claim. Because no determination was made of the amount owed under the statute, however, we remand for further proceedings in accordance with this opinion.

*Petition granted; remanded.*

All concurred.