Department of Labor
No. 83-020

PETITION OF WILLIAM S. GUNZEL
(New Hampshire Department of Labor)

February 16, 1984

*Law Offices of James J. Kalled,* of Ossipee (*James J. Kalled* on the brief, and *John Pierce Kalled* orally), for William S. Gunzel.

*Wadleigh, Starr, Peters, Dunn & Chiesa,* of Manchester (*Theodore Wadleigh* on the brief and orally), for E. D. Swett, Inc., and Hartford Insurance Company.

BROCK, J.   This is a petition for a writ of certiorari challenging a decision by the deputy labor commissioner regarding a workers' compensation award. For the reasons which follow, we dismiss the petition.

In July 1970, the plaintiff, William S. Gunzel, received a work-related injury while employed by a company not involved in the present controversy. As a result of the injury, he was awarded permanent partial disability benefits for a 50% impairment of his right leg.

In August 1975, while in the employment of E. D. Swett, Inc., the plaintiff was involved in an automobile collision, in which he suffered severe fractures of the sixth and seventh cervical vertebrae. It is undisputed that the plaintiff is now a quadriplegic. As a result of the 1975 injury, the plaintiff was awarded permanent partial disability benefits for a 100% impairment of his left leg but only for a 50% impairment of his right leg, due to the preexisting 50% disability.

On March 1, 1982, the plaintiff was notified by the Hartford Insurance Company, E. D. Swett's insurance carrier, that no further disability checks were due him. At that time, the plaintiff had received no benefits for the impairment of his arms. He requested and was given a hearing on September 23, 1982, before the department of labor. By decision dated December 14, 1982, and further clarified

by letter dated January 20, 1983, the deputy labor commissioner determined that the benefits calculated upon a 50% loss of use of the right leg were correct. The deputy commissioner further determined that the plaintiff has a 100% permanent impairment of both arms and that payments were due commencing as of March 1982.

On January 14, 1983, Mr. Gunzel filed a petition for certiorari with this court, seeking a review of the deputy commissioner's decision. He argues that: (1) he is entitled to an award for 100% impairment of his right leg despite the previous award for a 50% loss of use of the same leg; (2) assuming that a deduction for the prior award was warranted, the deduction the deputy commissioner made was improperly calculated; (3) he is entitled to a lump sum payment of the award for 100% impairment of his arms because the amount is past due; and (4) he is entitled to interest from the date each award accrued.

■■ RSA 281:26, IV states that the findings of the labor commissioner as to the amount of compensation and/or percentage of permanent partial loss are final. Review of this determination is solely by means of a petition for certiorari. *Cooper v. Roy M. Wright, Inc.*, 121 N.H. 181, 183, 427 A.2d 51, 52 (1981). The parties' dispute regarding the award for the impairment of the plaintiff's legs can be characterized as a dispute as to the amount of compensation and/or percentage of permanent partial loss.

■■ Our standard of review on petitions for certiorari is whether "the commissioner acted illegally with respect to jurisdiction, authority or observance of the law, whereby he arrived at a conclusion which could not legally or reasonably be made, or . . . abused his discretion or acted arbitrarily, unreasonably, or capriciously." *Id.* at 183, 427 A.2d at 52–53. We hold that the deputy commissioner neither acted illegally nor abused his discretion with respect to either his determination of percentage of loss of use of the plaintiff's right leg or his calculation of the deduction for the previously compensated loss of use.

■ Our workers' compensation law does not directly address the situation presented in this case; that is, the determination of the proper award when a total loss of use follows an earlier partial loss of use. However, in awarding subsequent benefits, the legislature has required a deduction of the award for an earlier partial loss of use, when such partial loss of use is followed by an amputation of that member of the body. RSA 281:26, I(v). We believe this statute sufficiently indicates the legislature's intent to require a deduction for the previous award for 50% loss of use of the plaintiff's right leg

from any determination of a subsequent 100% loss of use of that leg. We therefore affirm the deputy commissioner's determination that a deduction was required.

■ Further, the deputy commissioner calculated the required deduction appropriately. The plaintiff suggests that the dollar amount he received for the 1970 injury should be deducted from the dollar amount he would receive for a 100% loss of use from the 1975 injury. Computing the award in this manner would in effect make up for the lower pay rate which the plaintiff was receiving at the time of the previous injury. We doubt that the legislature intended, in any case where there was a subsequent loss of use of a member, that if the compensation rate in effect at the time of the prior accident was lower, that difference would be made up at the time of the second injury. The deputy commissioner properly determined the award by recognizing that there was an earlier 50% disability and that the subsequent accident, therefore, could represent only an additional 50% disability. RSA 281:26, I(v) indicates that awards for partial loss are calculated in proportion to awards for total loss.

In his petition, Mr. Gunzel has also raised the issue of when the payment of the award for his arms became due and his entitlement to a lump sum payment versus weekly benefits. This aspect of the deputy commissioner's decision is appealable to the superior court, and has been appealed by the plaintiff, under the statute in effect at the time of the deputy commissioner's decision. RSA 281:26, III (since amended by Laws 1983, 392:15). Accordingly, this issue is not properly before us in a petition for certiorari and we will not address it.

Finally, the plaintiff argues that he is entitled to interest on amounts due him under RSA 281:26 computed as of the date of his August 1975 injury. We need not address this issue with respect to interest accrued on any additional benefits due the plaintiff because of a miscalculation of the percentage of impairment of his right leg, since he has not prevailed on this issue. *See* RSA 281:37-a (Supp. 1983).

■ This determination, however, does not prejudice the plaintiff's argument that he is entitled to interest with respect to the award for the impairment of his arms. We do not foreclose the trial court's imposition of interest should it determine that the insurance carrier was unjustly enriched by reason of neglect of any duty it may have owed to the plaintiff.

*Petition dismissed.*

All concurred.