Original
No. 91-227

### Petition of John Hyde
(New Hampshire Department of Labor)

March 25, 1992

*Ray Raimo*, of Manchester, by brief and orally, for the petitioner.

*Devine, Millimet & Branch P.A.*, of Manchester (*Richard E. Galway* on the brief, and *Nelson A. Raust* orally), for the respondent, Quinn Brothers.

### Memorandum Opinion

HORTON, J.   The petitioner, John Hyde, seeks a writ of certiorari to review the decision of the New Hampshire Department of Labor denying his request for a scheduled permanent impairment award. *See* RSA 281-A:32, IX (Supp. 1991). Based on our review of the medical evidence presented at the labor department hearing, we cannot say as a matter of law that the hearings officer acted illegally in

finding that no discrete injury to the petitioner's back occurred on September 13, 1988, while he was shoveling gravel during his employment with the respondent, Quinn Brothers. Consequently, we dismiss the petition for a writ of certiorari.

The petitioner has a long history of back problems, including surgery in 1982 and two additional operations in 1984. On September 13, 1988, the petitioner again "injured" his back while shoveling gravel for his employer. He underwent further surgery in 1989, which was unsuccessful in eliminating his back pain.

The petitioner subsequently filed a claim for a permanent partial disability award with the department of labor. In denying the petitioner's claim, the hearings officer found that "the medical evidence [was] not convincing that any type of discrete injury occurred on September 13, 1988." The petitioner ignores this portion of the labor department's decision, however. Instead he argues that the hearings officer erred by failing to apply the current amended version of RSA 281-A:32, IX (Supp. 1991), which permits a permanent partial disability award for injuries to the spinal column or spinal cord, and also erred by finding that "the much greater percentage of any permanent impairment pre-existed" the injury in question.

Under RSA 281-A:32, XII (Supp. 1991), permanent impairment awards of the labor department are final. Therefore, certiorari is the proper remedy. See Petition of Dependents of Doran, 123 N.H. 429, 431, 462 A.2d 114, 116 (1983).

In this case, Dr. Gerald DeBonis, an orthopedic surgeon, evaluated the petitioner's lower back problem for the Hartford Insurance Company, the petitioner's employer's insurer. He noted that although the petitioner claimed to have had few or no problems with his back from the time of his third surgery until the September 1988 injury, a review of his treating surgeon's office notes indicated that the petitioner was seen for lower back pain at least nine times during that period. Dr. DeBonis also found "no definite evidence from the chart including the myleographic studies or the history as obtained from the patient to indicate that he had a definite new injury in September 1988."

> "[O]ur opinions have consistently pointed out that on certiorari it is not open to this court to make de novo findings or to revise those made by the commission. The only question before us is whether the commission has acted illegally in respect to jurisdiction, authority or observance of the law, thereby arriving at a conclusion which could not legally or reasonably be made."

*Tasker v. N.H. Personnel Comm'n*, 115 N.H. 204, 206, 338 A.2d 543, 544 (1975). Consequently, we cannot say as a matter of law that the labor department's decision that no discrete injury occurred on September 13, 1988, was illegal or unreasonable.

This finding is dispositive. Absent a work-related injury, the petitioner is not entitled to a permanent impairment award under our workers' compensation scheme. Because the petitioner failed to carry the threshold burden of proving that his impairment resulted from an injury "arising out of and in the course of employment," RSA 281-A:2, XI (Supp. 1991), his claim for benefits was properly rejected. Accordingly, we need not reach the petitioner's arguments to the contrary.

*Petition dismissed.*

All concurred.