Compensation Appeals Board
No. 2006-125

### APPEAL OF FRANCIS LORETTE
(New Hampshire Compensation Appeals Board)

Argued: October 3, 2006
Opinion Issued: October 31, 2006

*McDowell & Osburn, P.A.*, of Manchester (*Mark D. Morrissette* on the brief and orally), for the petitioner.

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Michael R. Mortimer* on the brief and orally), for the respondent.

HICKS, J. This is an appeal from a decision of the New Hampshire Compensation Appeals Board (Board) that the petitioner, Francis Lorette, is entitled to a valueless permanent impairment award under RSA 281-A:32 (Supp. 2005). The petitioner argues that the Board erred in calculating his average weekly wage as zero upon the basis that he was unemployed at the time of his permanent impairment assessment. We reverse and remand.

The parties stipulated to the following facts before the Board. On October 7, 1996, the petitioner was injured while working for the respondent, Seppala Construction Company. At the time of his injury, the petitioner earned twelve dollars per hour. The petitioner ceased working in early 2003 due to his disability, and has not worked since.

On June 12, 2003, a department of labor hearings officer found that the petitioner was totally disabled as a result of his October 7, 1996 work injury. On October 21, 2004, the petitioner's physician gave him a permanent impairment assessment and provided it to the respondent's insurance carrier. Both parties agree that the petitioner's loss became permanent on October 21, 2004. At the time of the assessment, the petitioner was unemployed due to his disability and consequently had no wages. Relying upon our decision in *Ranger v. New Hampshire Youth Development Center*, 117 N.H. 648 (1977), the Board noted that "the permanent impairment award shall be based upon the employee's wages at the time of the permanency assessment," which in the petitioner's case was zero.

> We will overturn the board's decision only for errors of law, or if we are satisfied by a clear preponderance of the evidence before us that the order is unjust or unreasonable. The board's findings of fact will not be disturbed if they are supported by competent evidence in the record, upon which the board's decision reasonably could have been made.

*Appeal of Cote*, 146 N.H. 705, 708 (2001) (quotation omitted). However, interpretation of a statute is a question of law, which we review *de novo*. *See Appeal of Rainville*, 143 N.H. 624, 631 (1999).

At issue in this case is the calculation of the petitioner's scheduled permanent impairment award under the Workers' Compensation Law. *See* RSA 281-A:15, I (Supp. 2005); RSA 281-A:32. RSA 281-A:32 provides a permanent impairment award to injured employees who suffer from a permanent loss as a result of a work-related injury. The award "accrue[s] to the injured employee simply by virtue of the loss . . . ." RSA 281-A:32, X. Typically, the amount of the award is based upon a calculation of the claimant's average weekly wage "during the preceding 26 weeks." RSA 281-A:15, I(a); RSA 281-A:28 (1999). However, prior to a 2003 amendment, the statute did not specify the date upon which to base the average weekly wage, a question that we resolved in *Ranger* in 1977. *Ranger*, 117 N.H. 648.

The respondent argues that RSA 281-A:32 and our decision in *Ranger* support the Board's ruling that a permanent impairment award is based upon the earnings of the claimant during the weeks preceding his

permanent impairment assessment. Because the petitioner's impairment assessment was in October 2004, over a year after his last date of employment, the respondent argues that the petitioner's award under the statute is zero. The petitioner disagrees, and offers alternative methods for calculating his impairment award.

In *Ranger*, the claimant suffered an alkali burn in his eye, resulting in a gradual deterioration of vision until he permanently lost vision in his eye nearly nine years after the initial injury. *Ranger*, 117 N.H. at 649. At issue was whether the permanent impairment award should be based upon the claimant's average weekly wage as of the date of the injury or as of the date he was determined to have total and permanent loss of vision in his eye. *Id.* We held that "the average weekly wage shall be based upon the employee's wages as of the date of prompt medical disclosure regarding the loss." *Id.* at 651. This ruling was subsequently affirmed by several other decisions from this court. *Petition of L'Heureux*, 132 N.H. 498 (1989); *Petition of Lapinski*, 126 N.H. 772 (1985).

The legislature amended RSA 281-A:32 several times following our decision in *Ranger*. *See, e.g.*, Laws 1983, 392:12-:15; Laws 2003, 269:2. In 2003, RSA 281-A:32, XI was amended and now reads, in pertinent part:

> Payment Due. Payment of the scheduled award becomes due upon prompt medical disclosure, after maximum medical improvement has been achieved, regarding the loss or loss of the use of the member of the body. For the purposes of determining disability rates, the average weekly wage used shall be the average weekly wage of the employee at the time of the injury.

RSA 281-A:32, XI.

Depending upon the applicable version of the statute, a permanent impairment award could vary significantly. An award based upon our interpretation of RSA 281-A:32 prior to the 2003 amendment would be based upon the claimant's average weekly wage as of the date of the permanency of loss. *Ranger*, 117 N.H. at 651. In contrast, RSA 281-A:32, XI as amended in 2003, provides that the claimant's average weekly wage as of the date of the injury shall be used.

■ Both parties assume that RSA 281-A:32 as written in 1996, and therefore our holding in *Ranger*, applies to this case, presumably because the petitioner's injury occurred in 1996. We are not unmindful that in previous workers' compensation cases we have applied the law in effect at the time of the injury. *Lessard v. City of Manchester Fire Dep't*, 118 N.H. 43, 47 (1978). However, a review of the common law indicates that such a rule is applied specifically to determinations of disability benefits, and not

permanent impairment awards. *See Appeal of Cote,* 144 N.H. at 129 (recognizing also that "[d]isability benefits and permanent impairment awards ... are distinct and unrelated" (quotation omitted)); *Petition of L'Heureux,* 132 N.H. at 501. In permanent impairment cases, we apply the law in effect on the date of the loss, which we have held is the date of the permanent impairment assessment. RSA 281-A:32, X ("[T]he scheduled awards under this section accrue to the injured employee simply by virtue of the loss . . . ."); *Appeal of Cote,* 144 N.H. at 129 ("it is the loss itself which triggers accrual of the award" (quotation omitted)); *Petition of Dependents of Doran,* 123 N.H. 429, 433 (1983) ("the statute in effect at the time of Mr. Doran's loss ... governs the respective rights and responsibilities of the parties"); *Petition of Lapinski,* 126 N.H. at 778 ("a permanent loss may occur either at the time of the injury or when sound medical opinion takes the position that further medical treatment will be of no avail and that the loss is permanent"). Although the petitioner agrees with the respondent that the date of the permanent impairment assessment is the relevant date for calculating his average weekly wage, we are not constrained by this concession since we are the final arbiters of statutory meaning. *Cf. Town of Hinsdale v. Town of Chesterfield,* 153 N.H. 70, 72 (2005).

In the 2003 amendment to RSA 281-A:32, XI, the legislature provided that for purposes of calculating the permanent impairment award, "the average weekly wage of the employee at the time of the injury" shall be used. RSA 281-A:32, XI. However, this amendment did not change the date upon which the employee's right to the award accrues; this date remains the date of the permanent impairment assessment. RSA 281-A:32, X; *Appeal of Cote,* 144 N.H. at 129; *Petition of L'Heureux,* 132 N.H. at 500-01; *Petition of Dependents of Doran,* 123 N.H. at 433.

Accordingly, since the parties agree that the petitioner's permanent impairment assessment was in October 2004, the law in effect on that date applies to this case. Therefore, in accordance with RSA 281-A:32, XI, as amended in 2003, the petitioner's permanent impairment award should be calculated based upon his average weekly wage preceding his injury in 1996. We reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.