Carroll
No. 90-532

ATTITASH MOUNTAIN SERVICE COMPANY

v.

CHRISTOPHER J. SCHUCK

April 2, 1992

*Gallagher, Callahan & Gartrell P.A.*, of Concord (*Andrea K. Johnstone* and *Edward E. Shumaker, III* on the brief, and *Ms. Johnstone* orally), for the plaintiff.

*Cook & Molan P.A.*, of Concord (*Glenn R. Milner* on the brief and orally), for the defendant.

BROCK, C.J.   The plaintiff, Attitash Mountain Service Company (Attitash), appeals from a decision in the Superior Court (*Dunn, J.*) upholding a wage claim decision by the New Hampshire Department of Labor (department) awarding defendant, Christopher Schuck (Schuck), $6,702.15 in wages, fees and commissions. Schuck cross-appeals, claiming that the superior court erred in denying his request for an award of attorney's fees upon successfully litigating his wage claim in the superior court pursuant to RSA 275:51, V. We vacate the trial court's ruling concerning the wage claim and remand to the department for further proceedings.

In May 1989, after eighteen months of employment with Attitash, Schuck resigned his sales and marketing position and filed a wage claim with the department requesting back wages. Attitash objected and by written notice the department scheduled a hearing. The notice prominently stated: *"THIS WILL BE A TELEPHONIC HEARING."* Neither party objected to this format during the six weeks preceding the hearing date. The hearing was conducted via a three-way conference call. The parties were first questioned by the hearings officer and, although each party was allowed time for rebuttal, the parties were not given an opportunity to cross-examine witnesses. The hearings officer attempted to record the proceedings verbatim with a tape recorder. In September 1989, after the department ruled in Schuck's favor, Attitash retained counsel who reviewed the recording and discovered inaudible sections on the tape. Attitash's subsequent motion for rehearing and reconsideration was denied and it appealed to the superior court pursuant to RSA 275:51, V. The court denied Attitash's appeal and Schuck's motion for attorney's fees. This appeal followed.

██ Attitash claims that the department conducted the wage claim hearing in a manner that violated the provisions of RSA chapter 541-A and chapter 275, the department's own rules and regulations, and the requirements of due process. We first address Attitash's claims concerning the violation of statutory and administrative regulations, and address the due process claims only if necessary. *See Britton v. Town of Chester*, 134 N.H. 434, 595 A.2d 492, 496 (1991); *State v. Hodgkiss*, 132 N.H. 376, 379, 565 A.2d 1059, 1061 (1989).

Attitash's claims of statutory and regulatory error raise two issues. The first is whether the department, by stating on the notice of hearing that the hearing would be held telephonically, violated the applicable regulation, N.H. ADMIN. RULES, Lab 203.06, requiring that the department obtain the agreement of the parties before ordering a telephonic hearing; the second is whether the department's record of the hearing in this case satisfied the applicable statutes and administrative regulations requiring that a verbatim audio record of departmental wage claim hearings be kept.

We first consider the requirements of NEW HAMPSHIRE ADMINISTRATIVE RULES, Lab 203.06. Attitash argues that the department violated Rule 203.06 by failing to obtain Attitash's express agreement to participate in a telephonic hearing before scheduling such a hearing. Schuck maintains that Attitash waived its right to a full evidentiary hearing by participating in the telephonic hearing without objecting in a timely manner and by failing to request a full evidentiary hearing. In response, Attitash claims that, although it did not expressly object to the telephonic hearing, it participated only because the department's notice of hearing mandated a telephonic hearing and, under these circumstances, participation is not the equivalent of an "agreement" as set forth in the rule.

██ "The law of this State is well settled that an administrative agency must follow its own rules and regulations," *Appeal of the City of Nashua*, 121 N.H. 874, 876, 435 A.2d 1126, 1127–28 (1981), and "that an agency's interpretation of its own regulations is erroneous as a matter of law when it fails to embrace the plain meaning of its regulations," *Petition of State Police*, 126 N.H. 72, 76, 489 A.2d 103, 106 (1985).

New Hampshire Administrative Rules, Lab 203.06 provides:

> *"Telephonic Hearing.* If the parties agree and the hearings officer approves, the hearing on any matter may be done by conference telephone call instead of a hearing held at the department."

The rule explicitly conditions a telephonic hearing upon the agreement of the parties. Schuck's interpretation of "agreement" includes an instance where a party fails to challenge a department fiat that a hearing will be held telephonically. We, however, look to the plain language of the rule, and under the circumstances of this case, we decline to equate agreement under the rule with silent acquiescence to the department's mandate.

In our view, agreement suggests a thinking, acting function, see WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 43 (unabridged ed. 1961), affording the parties a choice at the outset whether or not to go forward with a telephonic hearing. Thus, we find that a party's failure to object in the face of the department's unilateral decision to hold a telephonic hearing, like the notice of hearing in this case, is not the equivalent of the agreement set forth in Rule 203.06.

■ We are aware, however, that the opportunity for informal disposition of claims is valued by both claimants and State agencies, and to this end procedural discretion and flexibility have been conferred to the department by the controlling statutes, RSA 541-A:16, V(a), (b) (Supp. 1991); RSA 541-A:18, II (Supp. 1991); see also Petition of Betty Sprague, 132 N.H. 250, 260, 564 A.2d 829, 835 (1989) (board has discretion to limit scope of cross examination), and furthered by the department's rules, N.H. ADMIN. RULES, Lab 203.07(d) ("The hearings officer shall conduct the hearing in such a manner as to best ascertain the rights of the parties and is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure."). Consequently, we do not read Rule 203.06 as requiring that the parties must formally request a telephonic hearing or that the department must actively seek an express agreement in every case. Rather, a notice of hearing expressly indicating to the parties that a hearing will be held telephonically *unless* the parties object in a reasonable time, gives the parties sufficient choice within the meaning of the rule. Such an informed and deliberate choice not to object to a telephonic hearing would amount to an agreement satisfying Rule 203.06. Returning to the matter at hand, however, we conclude that the department's notice of hearing violated the rule.

■ Next, Attitash must show that the department's imposition of the telephonic hearing resulted in material prejudice. *See Appeal of Concord Natural Gas Corp.*, 121 N.H. 685, 691, 433 A.2d 1291, 1295 (1981) (court will not set aside agency decision for procedural irregularity unless complaining party shows material prejudice); *Appeal of*

*Nationwide Ins. Co.,* 120 N.H. 90, 94, 411 A.2d 1107, 1109 (1980) (requirement that error is not reversible unless prejudicial applies to agency decisions); *Patenaude v. Town of Meredith,* 118 N.H. 616, 621, 392 A.2d 582, 586 (1978).

Schuck argues that Attitash failed to request a more complete evidentiary hearing and that it may not now claim prejudice from its own failure to act. Attitash argues in response that by forcing the telephonic hearing upon it, the department effectively denied it the ability to choose the more complete procedural options conferred by statute. Again, we agree with Attitash; having been denied a choice, Attitash may not be said to have waived its right, and we will therefore consider whether the error was prejudicial.

■ The department's error, though not necessarily rising to the level of constitutional impairment, affects the basic underpinnings of the procedural rights conferred, in this case, by statute. *See* RSA 275:51, V ("If requested, a hearing shall be afforded at which time any party may appear, with counsel if desired, and present evidence and cross-examine opposing witnesses."); RSA 541-A:18, IV (Supp. 1991) ("A party may conduct cross-examinations required for a full and true disclosure of the facts."). These statutory provisions allowing for cross-examination ensure, even within the informal setting of a departmental hearing, that the parties are afforded a fair and meaningful opportunity to present their case. N.H. ADMIN. RULES, Lab 202.01; *see also* MCCORMICK ON EVIDENCE § 31, at 68 (3d ed. 1984) (cross-examination acts as "an engine for discovering truth"). Indeed, the informal setting of an agency hearing, where parties often appear *pro se,* unskilled in the practice of the law, and vulnerable to the adroit or technical application of agency rules, heightens our general concern that the department adhere to a plain application of its rules. Moreover, in this case, the divergent positions taken by the parties concerning the terms of Schuck's employment raise questions of credibility. *See Sears v. Rutishauser,* 102 Ill. 2d 402, 410–11, 466 N.E.2d 210, 214–15, (1984) (denying defendant opportunity to cross-examine medical expert concerning referrals from plaintiff's counsel which may have affected credibility deemed prejudicial). With these concerns in mind, we conclude that the imposition of a telephonic hearing, resulting in the complete absence of cross-examination in this case, was prejudicial to Attitash and therefore we remand for a rehearing. *See Petition of Betty Sprague,* 132 N.H. at 259–60, 564 A.2d at 835 (arbitrary time limit imposed on cross-examination deemed prejudicial); *State v. Ramos,* 121 N.H. 863, 867, 435

432

A.2d 1122, 1124 (1981) (prejudicial error when court completely denied defendant the right to cross-examine witness on a proper matter of inquiry concerning credibility).

Given the unlikelihood that an issue of a deficient record will arise after the rehearing, we need not address Attitash's due process claim regarding inadequacy of the record; because Schuck has not prevailed on appeal, we do not consider his claim for attorney's fees.

*Reversed and remanded.*

All concurred.