Public Employee Labor Relations Board
No. 2007-105

APPEAL OF STATE EMPLOYEES' ASSOCIATION OF NEW HAMPSHIRE, INC.
(New Hampshire Public Employee Labor Relations Board)

Argued: October 18, 2007
Opinion Issued: November 9, 2007

*Cook & Molan, P.A.*, of Concord (*John S. Krupski* on the brief and orally), for the appellant.

Certain Individuals Regarded as Classified Employees within the New Hampshire Public Utilities Commission filed no brief.

## MEMORANDUM OPINION

DALIANIS, J. The appellant, the State Employees' Association of New Hampshire, Inc., SEIU Local 1984 (SEA), appeals the denial of its motion to obtain certain information by the New Hampshire Public Employee Labor Relations Board (PELRB). We reverse and remand.

The record reveals the following: On August 23, 2006, the appellees, who are certain individuals regarded as classified employees within the New Hampshire Public Utilities Commission (PUC), filed a petition to decertify the SEA as the appellees' exclusive representative. On September 25, 2006, the PELRB issued an order of election, which stated, in pertinent part: "[I]n accordance with Pub 303.01(b), the EMPLOYER shall immediately upon receipt of this ORDER forward to PELRB . . . , [and] to the Petitioner, a complete list of the names and home addresses of the employees in the bargaining unit." On October 4, 2006, the SEA filed a motion to obtain a list of each potential voter's name and home address. The Executive Director of the PELRB denied this motion on October 10, 2006. He stated that it was "the PELRB's strong belief that an employee's privacy interest in their [*sic*] home address is an interest that may be breached, if at all, only after sufficient proof is offered of the blanket inability of any union or other party to otherwise reasonably communicate with employees."

At the October 11, 2006 election, a majority voted to decertify the SEA as the appellees' exclusive representative. The PELRB issued a notice of decertification on October 17, 2006. Also, on that day, the SEA filed an appeal with the full board of the PELRB, challenging the decision to deny its motion to obtain information. On November 30, 2006, the PELRB affirmed its executive director's decision, ruling that "his decision reflects the position of the board in this era of elevating the privacy rights of employees over the ability of competing interests in organization activities to obtain the same." The SEA moved for reconsideration, which the PELRB denied, and this appeal followed.

"When reviewing a decision of the PELRB, we defer to its findings of fact, and, absent an erroneous ruling of law, we will not set aside its

decision unless the appealing party demonstrates by a clear preponderance of the evidence that the order is unjust or unreasonable." *Appeal of Town of Hampton*, 154 N.H. 132, 134 (2006) (quotation omitted); *see* RSA 541:13 (2007).

The SEA argues that the PELRB violated its own regulations when it denied the SEA's motion to obtain information. We agree.

█ "The law of this State is well settled that an administrative agency must follow its own rules and regulations, and that an agency's interpretation of its own regulations is erroneous as a matter of law when it fails to embrace the plain meaning of its regulations." *Attitash Mt. Service Co. v. Schuck*, 135 N.H. 427, 429 (1992) (quotations and citations omitted).

New Hampshire Administrative Rules, Pub 303.01(b) provides:

> Upon receiving the order for election, the public employer shall immediately forward to the board, and to the parties who shall appear on the ballot, a complete list of the names and home addresses of the employees in the bargaining unit agreed to by the parties or previously determined by the board to be eligible for membership as a result of a unit determination hearing. The public employer shall update this voting list by delivering to each party receiving a copy of the original list the name and classification of any person newly eligible for inclusion in the bargaining unit up to the end of the eligibility period agreed to by the parties or, failing agreement, determined by the board at the pre-election conference.

█ The language of this regulation is mandatory. Under its express terms, the employer *must* forward to the PELRB "and to the parties who shall appear on the ballot a complete list of the names and home addresses of the employees in the bargaining unit." N.H. ADMIN. RULES, Pub 303.01(b). The ballot in this case asked voters to choose whether they wanted the SEA to be their exclusive representative or to be unrepresented. Because the SEA was listed on the ballot, the SEA was entitled to "a complete list of the names and home addresses of the employees in the bargaining unit." *Id.* The PELRB therefore erred when it denied the SEA's motion to obtain such a list from the PUC.

To the extent that New Hampshire Administrative Rules, Pub 303.01(b) no longer reflects the PELRB's views, the PELRB may seek to amend it by following proper rule-making procedures. *See* RSA 273-A:2, VI (1999); *see also Appeal of City of Manchester*, 149 N.H. 283, 287-88 (2003). The

PELRB, however, may not simply choose to disregard its own rules. *Attitash Mt. Service Co.*, 135 N.H. at 429.

We will not set aside the PELRB's decision for a procedural irregularity, however, unless an appellant demonstrates that the PELRB's decision materially prejudiced it. *Id.* at 430-31. We hold that where an employer has not complied with New Hampshire Administrative Rules, Pub 303.01(b) by forwarding the names and home addresses of the employees within the bargaining unit, material prejudice is presumed. New Hampshire Administrative Rules, Pub 303.01(b), like the similar rule adopted by the National Labor Relations Board in *Excelsior Underwear, Inc.*, 156 N.L.R.B. 1236, 1239-40 (1966), helps to ensure that employees are fully informed about arguments concerning representation and can freely and fully exercise their statutory rights to organize. *See Washington Fruit & Produce Co.*, 343 N.L.R.B. 1215, 1227 (2004). Just as "a failure to comply with the *Excelsior* requirement will, by itself, constitute grounds for setting aside an election," *Auntie Anne's*, 323 N.L.R.B. 669, 669 (1997), so too does the failure to comply with New Hampshire Administrative Rules, Pub 303.01(b) constitute grounds for setting aside the election in this case. We therefore reverse the PELRB's decision and remand for a new election.

*Reversed and remanded.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.