**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0240, <u>Appeal of Thomas Sloan</u>, the court on February 15, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Thomas Sloan, appeals the decision of the Personnel Appeals Board (board) affirming the termination of his employment with the Department of Agriculture, Markets and Food (agency). The petitioner argues that the board erred in upholding the agency's decision because: (1) there was a custom and practice that allowed the conduct for which he received his fifth written warning; (2) if such a custom and practice had changed, he received no notice of it; (3) the federal Portal-to-Portal Act does not apply; and (4) it was error for the board not to consider new evidence offered with his motion for rehearing.

RSA chapter 541 governs our review of this case. <u>See</u> RSA 21-I:58, II (2012); <u>Appeal of Alexander</u>, 163 N.H. 397, 400 (2012). Under RSA 541:13 (2007), we will not set aside the board's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. The board's findings of fact are presumed <u>prima</u> <u>facie</u> lawful and reasonable. RSA 541:13. In reviewing the board's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but rather, to determine whether the findings are supported by competent evidence in the record. <u>See</u> <u>In the Matter of Bloomfield</u>, 166 N.H. 475, 478 (2014). We review the board's rulings on issues of law <u>de</u> <u>novo</u>. <u>Id</u>.

Personnel rules allow an agency to terminate an employee by issuing a fifth written warning for certain offenses within a five-year period. <u>See</u> <u>N.H. Admin. Rules</u>, Per 1002.08(c)(2). In this case, the agency terminated the petitioner's employment after issuing him five written warnings within one year. The petitioner does not challenge the four previous written warnings he received; thus, only the fifth warning is at issue in this appeal. The agency issued the petitioner his fifth warning because he left work one hour early on Friday, March 14, 2014, without authorization.

The petitioner first argues that he did not, in fact, leave work early because he stopped at Banks Chevrolet before arriving at the office that morning, and that there was long-standing custom and practice of allowing

field inspectors to include, as compensable time, the time spent commuting from home to a garage to service a state-issued motor vehicle before arriving at the office. The petitioner's argument is based upon his own testimony as well as the testimony of his former supervisor, who retired in 2011. We defer to the board on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. Appeal of Alexander, 163 N.H. at 403-04. The board may accept or reject, in whole or in part, the testimony of any witness or party, and is not required to believe even uncontroverted evidence. Id.; Appeal of Armaganian, 147 N.H. 158, 163 (2001). On Monday, March 17, 2014, when his supervisor confronted him about his decision to leave work early the previous Friday, the petitioner did not rely upon the alleged custom and practice. Instead, he offered to work an extra hour. Nor did he allege, in his e-mail exchange with the supervisor that followed the confrontation, that such a custom and practice existed. The retired supervisor testified that there was a time in which he considered an employee's time commuting from home to the office to be compensable time, but he also testified that the former commissioner ended that practice about "ten years ago," and that he had no knowledge of the agency's practices after his own retirement in 2011.

The current commissioner testified that she was unaware of the alleged custom and practice, and the petitioner's supervisor, who has held that position since July 2012, testified that no such custom and practice existed. The board found that "[t]here was no testimony or evidence that the State was contractually obligated to pay Mr. Sloan for his commute from home to Banks." Based upon this record, we cannot conclude that the board's decision was unjust or unreasonable. See Appeal of Alexander, 163 N.H. at 401.

The petitioner next argues that, even if no such custom and practice existed in March 2014, such a custom and practice previously existed, and the agency failed to notify him that the custom and practice had changed. Because the petitioner raised this issue for the first time in his motion for reconsideration and rehearing, the board made no findings as to whether such a custom and practice previously existed and, if so, how the agency notified him of the change. The board concluded that the petitioner waived this argument by failing to raise it during the hearing or before its decision on the merits. See N.H. Admin. Rules, Per-A 208.01 ("At any time prior to the issuance of the decision on the merits, the board, on the board's own motion or on the motion of any party, shall reopen the record of the hearing to receive relevant, material and non-duplicative testimony, evidence or arguments not previously received, if the board determines that such testimony, evidence or arguments are necessary to a full and fair consideration of the issues to be decided."). We conclude that the record supports the board's conclusion that the petitioner waived this argument. See Appeal of Alexander, 163 N.H. at 401.

2

The petitioner next argues that the board erred in relying upon the federal Portal-to-Portal Act in ruling that the time spent commuting from home on March 14, 2014, was not compensable time.  The petitioner raised this issue for the first time in his motion for reconsideration and rehearing.  Assuming, without deciding, that he preserved this issue for review, we conclude that he has failed to show prejudice.  See Attitash Mt. Service Co. v. Shuck, 135 N.H. 427, 430-31 (1992) (appellant must show prejudice from agency error).  The petitioner's only argument, as it relates to the Portal-to-Portal Act, is that an employee is entitled to compensation under the Act for time spent commuting from home to work if authorized by custom and practice.  However, the petitioner failed to prove the existence of such a custom and practice in his case.  Therefore, we conclude that he has failed to show prejudice.  See id.

Finally, the petitioner argues that the board erred in denying his request to consider new evidence submitted with his motion for reconsideration and rehearing.  The board may grant a motion for rehearing "if in its opinion good reason for the rehearing is stated in the motion."  RSA 541:3 (2007).  A motion for rehearing to consider new evidence should not be granted, however, absent a showing that the evidence could not have been presented at the hearing.  Appeal of Linn, 145 N.H. 350, 356 (2000); Appeal of Gas Service, Inc., 121 N.H. 797, 801 (1981); O'Loughlin v. N.H. Personnel Comm'n, 117 N.H. 999, 1004 (1977).  In its order affirming the agency's termination, the board noted that there was contradictory testimony as to whether the petitioner informed his supervisor during his April 1, 2014 Loudermill meeting, see Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985), that he considered his commuting time on March 14, 2014 to be compensable, but that it was "persuaded by the testimony and the evidence that the first time he made such an assertion was only after his dismissal."  In his motion for rehearing, the petitioner asked the board to consider an attached affidavit from his union representative, who was present at the April 1, 2014 meeting, as well as the representative's notes from that meeting.  The petitioner argued that the affidavit and notes showed that he raised this issue during the meeting.  The record supports the board's finding that the petitioner could have anticipated that his testimony on this issue would be disputed at the hearing; thus, we conclude that it did not err in declining to consider this new evidence.  See Appeal of Linn, 145 N.H. at 356.

Affirmed.

Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3